533 P.2d 556

**The STATE of Arizona, Appellee,**

v.

**Johnny David HEASLEY, Appellant.**

**No. 2 CA–CR 415.**

Court of Appeals of Arizona, Division 2.

April 3, 1975.

Rehearing Denied April 29, 1975.

Review Denied June 3, 1975.

and instructions of the probation officer; that he violate no laws of any kind; and that enroll in an Alcohol Treatment Program as recommended by the probation officer and remain in the program until the probation officer allowed him to be released from such program. On April 19, 1974, a petition to revoke appellant's probation was filed, alleging that he had violated all three conditions of his probation.

On April 19, a hearing was held pursuant to Rule 27.6. Appellant was represented by counsel and was advised by the court "that anything you say during any of these proceedings can be used against you." A hearing pursuant to Rule 27.7 was set for April 19 and subsequently reset to April 29, 1974. The matter was then postponed to a later date to allow for appointment of counsel for appellant, and, after several continuances at the request of appellant's counsel, the hearing was held on June 19, 1974. The court found that appellant had violated his probation, ordered it revoked, and sentenced appellant to imprisonment in the Arizona State Prison for a term of not less than five nor more than six years from December 17, 1973.

In view of our disposition of this case, we do not address ourselves to appellant's attack on the length of the sentences imposed. His other claim, raised both on appeal and in his Rule 32 petition, requires reversal and remand.

As noted above, the lower court summarily disposed of appellant's petition, finding that no material issue of fact or law existed which would entitle appellant to relief under Rule 32. We believe, however, that a "colorable claim" existed and therefore appellant was entitled to a factual hearing with respect to the matters raised in his petition. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); State v. Suarez, 23 Ariz.App. 45, 530 P.2d 402 (1975).

N. Warner Lee, Former Atty. Gen., Bruce E. Babbitt, Atty. Gen., by Georgia C. Butcher, Asst. Atty. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender, by Frederic J. Dardis, Asst. Public Defender, Tucson, for appellant.

## OPINION

KRUCKER, Judge.

This appeal is a consolidation of a direct appeal from an order revoking appellant's probation and a summary denial of appellant's Rule 32 post-conviction petition for relief. The questions raised on the direct appeal and in the Rule 32 petition are the same.[1]

On April 8, 1974, appellant was adjudged guilty of aggravated battery with a prior, having entered a plea of guilty thereto, and imposition of sentence was suspended for a period of ten years. The minute entry and the transcript reflect that the defendant was placed on probation on the following conditions: that he follow the directions

---

1. The appeal was stayed pursuant to Rule 31.4(a), Rules of Criminal Procedure, 17

A.R.S. and consolidation is appropriate under Rule 31.4(b)(2).

Rule 27.1, Rules of Criminal Procedure, 17 A.R.S., provides:

"The sentencing court may impose on a probationer such conditions as will promote rehabilitation. In addition, the appropriate probation officer may impose on the probationer regulations which are necessary to implement the conditions imposed by the court and not inconsistent with them. *All conditions and regulations shall be in writing, and a copy of them given to the probationer.*" (Emphasis added)

Rule 27.2 provides for modification and clarification of conditions and regulations and it too requires that a written copy of any modification or clarification be given to the probationer. As pointed out in the Comment to Rule 27.2, its purpose is to protect the probationer from arbitrary conditions or regulations, to provide a formal means short of violation and revocation proceedings for the probationer to have ambiguous conditions or regulations clarified, to provide added flexibility to the probation process, and, on the suggestion of probation officials, to provide a means for invoking the authority of the court when the probationer seems to be slipping toward a revocation without risking that ultimate sanction. Oral modifications, however, until reduced to writing, cannot serve as a basis for revoking probation.

Rule 27.7(d), Rules of Criminal Procedure, 17 A.R.S., provides:

"If the court finds that a violation of the conditions or regulations of probation occurred, it may revoke, modify or continue probation. If probation is revoked, the court shall pronounce sentence in accordance with the procedures set forth in Rules 26.10 through 26.16. *Probation shall not be revoked for viola-tion of a condition or regulation of which the probationer has not received a written copy.*" (Emphasis added)

Appellant alleged that he had never received a written copy of the conditions and regulations of his probation. There is absolutely nothing in the record which controverts the truth of this allegation.

The petition for revocation alleged that the violations consisted of failing to report to the probation office on April 9, 1974 as directed by the court and his attorney, that on April 13, 1974, appellant was cited for driving while intoxicated and for driving with no driver's license in his possession, and that appellant had not enrolled in an alcoholic treatment program as ordered by the court on April 8, 1974.

We find nothing in the record indicating that the court ordered appellant to report to his probation officer on a specific date. Enrollment in an alcohol treatment program was to be in accordance with the recommendation of the probation officer. Thus, we see that the only condition of probation which was specific was that appellant not violate any laws. This clearly illustrates the need for furnishing a probationer with written conditions and regulations so that he cannot later be heard to say that he did not understand and concomitantly will be protected from arbitrary action on the part of probation officers.[2]

Division One of this court has recently recognized that the mandates of Rule 27 are not to be taken lightly. State v. Tash, 23 Ariz.App. 299, 532 P.2d 874 (filed March 13, 1975). Rule 27.7(d) is explicit —it commands that probation not be revoked for violation of a condition or regulation as to which the probationer had not received a written copy.

---

2. We further note that since one of the alleged violations involved a criminal offense for which appellant had not yet been tried, the mandate of Rule 27.7(c)(1) had not been complied with:

"If the alleged violation involves a criminal offense for which he has not yet been tried, the probationer shall be advised, at the beginning of the revocation hearing, that regardless of the outcome of the present hearing, he may still be tried for that offense, and any statement made by him at the hearing may be used to impeach his testimony at that trial."

We are of the opinion that appellant stated a claim for relief under Rule 32 and summary disposition of his petition was erroneous. We therefore reverse and remand the case for further proceedings not inconsistent herewith.

HOWARD, C. J., and HATHAWAY, J., concurring.