540 P.2d 1263

The **STATE** of Arizona, Appellee,

v.

**Ruben Joseph ACOSTA, Appellant.**

**No. 2 CA–CR 600.**

Court of Appeals of Arizona,
Division 2.

Oct. 10, 1975.

Bruce E. Babbitt, Atty. Gen. by John S. O'Dowd, Asst. Atty. Gen., Tucson, for appellee.

Auerbach & Freeman by Albert G. Freeman, Jr., Tucson, for appellant.

## OPINION

HOWARD, Chief Judge.

Appellant seeks reversal of an order revoking his probation on the ground that Rule 27, Rules of Criminal Procedure, 17 A.R.S., was not complied with. In particular, he contends that (1) he was not given a copy of written conditions of probation, as required by Rule 27.1, and (2) the court did not inform him at the beginning of the revocation hearing that he might be tried for the offense upon which the alleged violation was based, as required by Rule 27.-7(c)(1).

In support of his position, appellant relies on *State v. Heasley,* 23 Ariz.App. 345, 533 P.2d 556 (1975). In *Heasley,* released subsequent to appellant's revocation hearing, we held that a Rule 32 petition for post-conviction relief, alleging that a copy

of written conditions and regulations of probation had not been furnished petitioner, stated a "colorable claim" for relief and therefore summary denial of the petition was improper. The *ratio decidendi* of our holding was that Rule 27.7(d) expressly proscribed revocation of probation for violation of a condition or regulation as to which a probationer had not received a written copy.

The *Heasley* decision, however, is not applicable to the facts in this case. Here the court found, inter alia, that appellant had violated the requirement that he violate no laws.[1] A.R.S. Sec. 13-1657(B) (Supp.1973) specifically provides for revocation of probation when the court has reason to believe that the probationer (1) is engaging in criminal practices, (2) has become abandoned to improper associates or a vicious life, or (3) is violating the conditions of his probation.

■ Rule 27.1 does not require, as contended by appellant, that a probationer be furnished with a copy of a written prohibition against violation of the laws. The purpose of Rule 27.1 as to written conditions and regulations is to apprise a probationer of *addtional conditions*[2] which might be grounds for revocation other than the general conditions enumerated in A.R.S. Sec. 13-1657. Rule 27.1 permits the sentencing court to impose on a probationer such conditions as will promote rehabilitation. Also, the probation officer may impose regulations consistent with the conditions to aid in implementing them. It is these special conditions and regulations that must be in writing and furnished to the probationer so that, as we said in *Heasley,* supra:

"... he cannot later be heard to say that he did not understand and con-

comitantly will be protected from arbitrary action on the part of probation officers." 533 P.2d at 558.

As pointed out in the Comment to Rule 27.1, the usual practice in the superior courts of Pima and Maricopa counties is for the court to impose a few conditions such as to obey the rules and regulations imposed by the probation officer. The probation officer then gives the defendant a standard set of regulations containing a few options and space for special regulations, explains them, and asks the defendant to sign a statement that he understands the conditions and regulations. Rule 27.1 retains this general procedure.

Appellant does not claim that his probation was revoked for violation of a condition or regulation within the ambit of Rule 27.1. Therefore the Rule 27.7(d) prohibition against revocation for violation of a condition of which a written copy had not been furnished does not apply and his contention fails.

■ As to appellant's second contention, we find that he was advised that any statements he made could be used against him. Although the trial court did not comply with the letter of Rule 27.7(c)(1), which of course would be more appropriate, we believe that appellant was sufficiently advised. Furthermore, the court's failure to advise appellant that he might face prosecution for the offense upon which the alleged violation was based was not prejudicial since he did not testify at the revocation hearing.

Affirmed.

KRUCKER, and HATHAWAY, JJ., concur.

1. The evidence presented at the revocation of probation hearing would support a conclusion that appellant had possessed heroin.

2. For example, in *Heasley,* supra, the probationer was directed to follow the instructions of his probation officer and to enroll in an Alcohol Treatment Program as recommended by the probation officer and remain in the program until the probation officer allowed him to be released.