611 P.2d 923

STATE of Arizona, Appellee,

v.

Robert Keith WATKINS, Appellant.

No. 4884.

Supreme Court of Arizona,
En Banc.

May 5, 1980.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Dennis C. Freeman, Asst. Attys. Gen., Phoenix, for appellee.

Gary Peter Klahr, Phoenix, for appellant.

HAYS, Justice.

In April of 1978, defendant-appellant Robert Keith Watkins pled guilty to charges of grand theft and was thereupon sentenced to a period of five years probation, including an initial period of six months incarceration. On March 14, 1979, appellant was found to have violated the terms of his suspended sentence; however, probation was reinstated. Defendant appealed and we took jurisdiction pursuant to 17A A.R.S. Sup.Ct.Rules, rule 47(e)(5). On August 31, 1979, appellant was adjudged guilty of violating his reinstated probation. In accordance with 17 A.R.S. Rules of Criminal Procedure, rule 27.7(c)(2), probation was thereby revoked and appellant was sentenced to a period of not less than one nor more than three years imprisonment. His subsequent appeal to the Court of Appeals was transferred to this court and consolidated with his original appeal pursuant to 17A A.R.S. Sup.Ct.Rules, rule 47(e)(1), and 17 A.R.S. Rules of Criminal Procedure, rule 31.4(b)(1). Affirmed.

## MARCH 14, 1979 VIOLATION

Among the terms and conditions of probation originally imposed by the sentencing court were the following:

DEFENDANT SHALL:

11. Participate and cooperate in any specified drug or alcohol rehabilitative program, either residential or out-patient, as directed by the probation officer.

20. Special Conditions: Immediately upon release from jail, defendant shall enroll in participate in and successfully complete a residential drug program of an in-patient type.

In addition, pursuant to authority granted under 17 A.R.S. Rules of Criminal Procedure, rule 27.1, appellant's probation officer promulgated the following regulation implementing terms eleven and twenty:

[Appellant] is hereby directed by the Probation Officer to contact Arizona Family central intake immediately upon release and get instructions as to exact time to report for entry into program on Friday, October 6, 1978.

The probation officer reviewed with appellant the terms and conditions of his probation and informed him of his right to seek a modification.

Upon release from prison, appellant, in accordance with these instructions, contacted and enrolled in Arizona Family, Inc. (hereinafter referred to as AFI), a long-term, in-patient drug and alcohol rehabilitative center; however, he failed to successfully complete the program, departing, without consulting his probation officer, within approximately four months.

■ On appeal, appellant contends that, for two reasons, his premature abandonment was not in violation of probation. In considering this position, we note that the right to remain free under a suspension of sentence is a matter within the discretion of the trial court. *State v. Bates*, 111 Ariz. 202, 526 P.2d 1054 (1974).

■ Initially, appellant contends that our Rules of Criminal Procedure (hereinafter referred to as R.C.P.) prohibit a finding of probation violation based upon any term or condition not presented the probationer in writing. R.C.P., rules 27.1, 27.5(a) and 27.-7(c)(2). Claiming never to have received a copy of the probation officer's implementation, appellant insists he has thereby violated no written requirement of probation within the meaning of the aforementioned provisions. Although virtually all of the cases are in agreement in requiring that the provisions of probation be formally documented, *see State v. Williams*, 122 Ariz. 146, 593 P.2d 896 (1979); *State v. Heasley*, 23 Ariz.App. 345, 533 P.2d 556 (1975), the record before us establishes clearly appellant's signature on the implementation under the phrase ". . . I acknowledge receipt of a copy of this document." It is this fact, moreover, which distinguishes appellant's situation from the circumstances of *Heasley, supra*, since in that case the record contained *no* evidence tending to refute the probationer's claim of non-receipt.

■ In addition, appellant contends that his departure from AFI was not in violation of probation. He notes that term 11 did not specifically instruct him to remain at the center and that term 20, although requiring that he complete "a" drug rehabilitation program, contained no reference explicitly to AFI. Based upon this premise, appellant would have us hold that although his instructions required the completion of a program, in essence the center could be one of his selection. Appellant's contention, however, ignores the probation officer's regulations which specifically implemented term 20 and which required attendance at AFI.

■ Appellant next seeks reversal based upon a lack of intent to violate probation. Relying upon the authority of sister jurisdictions, appellant would have us hold that a specific criminal intent is an essential element of a probation violation and that the ambiguity of the terms and regulations in question negated the existence of any such design. Assuming, however, without deciding, the necessity of an intent requirement, appellant's point is not well taken.

The remedy for a probationer who questions the clarity of the terms of his or her probation is set forth in our Rules of Criminal Procedure. Rule 27.2 permits one on probation, at any time prior to absolute

discharge, to request of the sentencing authority a modification or clarification of any condition or regulation. This, and not an unannounced departure from the mandated program, was appellant's appropriate recourse.

■ Approximately three days after his departure from AFI, appellant contacted his attorney who advised him that the terms of his probation contained no legal requirement that he remain at AFI, but that appellant was free to complete the rehabilitation program of his choice. Appellant alleges that reliance upon the advice of counsel similarly negated the requisite intent to violate probation. Although we may sympathize with one who has relied upon erroneous legal guidance, we note that the conversation in question occurred after the probation violation, *i. e.*, subsequent to appellant's departure. We find no error.

■ Relying upon rule 27.1, *supra*, and the comments to rule 27.2, appellant next attacks the validity of the probation officer's regulation requiring appellant to enroll in the AFI program. Citing his previous unsuccessful participation in AFI and the inferior quality of its rehabilitative programs, appellant alleges that his mandated attendance was unreasonable. As noted earlier in this opinion, however, the remedy of a probationer who disputes the validity of conditions or regulations of probation is a rule 27.2 petition for modification. This court is not inclined to permit probationers to become self-appointed probation authorities and of their own accord determine the propriety of probation requirements.

■ Finally, appellant attempts to assert the principles of waiver and estoppel. He notes that upon departing AFI, he subsequently contacted his probation officer, John Black, and was permitted until February 24, 1979 to reenter the program. It is contended that Mr. Black's petition to revoke probation, filed February 21, 1979, thereby violated this commitment. Assuming, however, *arguendo*, the applicability of these equitable principles to the case at bar, the record establishes that the advanced

filing was the result of appellant's failure to attend certain pre-February 21 group meetings essential to readmission, thereby precluding any possibility of compliance within the requisite time.

### AUGUST 31, 1979 VIOLATION

As previously noted, upon the original finding of probation violation, appellant's probation was reinstated. Term 20 of the initial decree, however, was revised, instructing appellant to "enter, cooperate and successfully complete the Behavioral Health Agency of Central Arizona [hereinafter referred to as BHACA]" drug rehabilitation program. Again, the probation officer thoroughly reviewed with appellant the terms and conditions of his probation. Moreover, appellant was assiduously advised by the sentencing court that failure to complete the program would result in imprisonment.

Appellant entered the BHACA facilities on April 18, 1979 and remained for approximately three months. On July 9, 1979, however, appellant left the premises without returning and was subsequently found in violation of his reinstated probation.

Appellant alleges that he was granted permission to leave the BHACA premises in order to seek employment and received no specific instructions regarding return. He claims that within hours of his departure he contacted his probation officer, Max Bessler, who failed to order his return to BHACA, but instead requested a meeting the following morning.

Appellant thus apparently questions the sufficiency of the evidence supporting his second conviction. It has long been the law in Arizona that such matters fall within the discretion of the trial court, *State v. Bates, supra*, and that the appellate courts will disturb the conclusions of the fact finder only if found to be arbitrary and unsupported by any reasonable theory of the evidence. *State v. LeMatty*, 121 Ariz. 333, 590 P.2d 449 (1979). The probation violation need be established by merely a preponderance of the evidence. R.C.P., rule 27.-7(b)(3).

**574**

■ In the case before us, the record sustains the trial court's findings. Initially, at his violation hearing, appellant admitted his departure was without permission. His leave was for the limited purpose of registering for employment. Having accomplished his mission, appellant had the obligation to return to his BHACA residence and he failed to do so. In addition, although appellant was not ordered to reenter BHACA by his probation officer, Mr. Bessler testified that this omission was based upon appellant's misrepresentation that he had successfully completed the BHACA program. Under circumstances such as these, we are unable to hold that, as a *matter of law, the trial court abused its* discretion.

Appellant finally challenges, on three grounds, the judge who presided over his disposition hearing.

Pursuant to R.C.P., rule 27.7, the process of probation revocation consists of an arraignment [rule 27.7(a)], a separate violation hearing at which culpability is determined [rule 27.7(b)], and a final disposition or sentencing hearing [rule 27.7(c)]. Although appellant's revocation arraignment was held before the Honorable Stanley Z. Goodfarb, due to vacation, Judge Goodfarb's calendar, including appellant's violation hearing, was heard by the Honorable William P. French. After a finding of violation, and upon the completion of Judge Goodfarb's holiday, appellant's cause was returned to Judge Goodfarb for disposition. For reasons subsequently discussed, the disposition proceedings were ultimately conducted by the Honorable Howard V. Peterson.

■ Appellant initially contends that only the judge who presided over the violation hearing should be permitted to try the disposition hearing and cites 17A A.R.S. Super.Ct. Local Practice Rules, Maricopa County, rule 4.1(e), in support. Appellant's reliance on rule 4.1(e), however is misplaced since that enactment is limited in application to criminal defendants tried before either civil or visiting judges from outside counties and not, as here, to causes merely temporarily transferred. We find no error.

■ Appellant, apparently believing Judge French a more lenient judge than Judge Peterson, next complains that had not Judge French indicated that he would retain jurisdiction of the case, appellant would have waived his disposition hearing pursuant to R.C.P., rule 27.7(d), and would have requested immediate sentence. Our reading of the record, however, reveals no such suggestion by the court. We quote from the transcripts:

THE COURT: *If* I can do it, it seems to me what *perhaps* should be done is that I should handle the disposition hearing

· · · ·

· · · · ·

And what I am going to leave open, Mr. Klahr [defense counsel], *is whether it's going to be here or in front of Judge Goodfarb* · · · ·

· · · · ·

I'm going to check the rules to find out what the situation is, and I'll follow the rule. (Emphasis added.)

In our opinion, the above-quoted language is clear and can in no way be interpreted as urged by appellant.

The facts necessary for resolution of appellant's final challenge to the sentencing authority are somewhat confusing; however, they are not in dispute. As indicated previously in this opinion, upon completion of the violation hearing, appellant's case was reassigned to Judge Goodfarb for disposition. Judge Goodfarb, however, due to an apparent appearance of impropriety, was successfully challenged for cause and the proceedings transferred to the Honorable Robert C. Broomfield, presiding judge of the Superior Court, for reassignment. Judge Broomfield thereupon transferred the case to the Honorable Rufus C. Coulter, Jr.; however, appellant requested and was granted a peremptory change of judge pursuant to R.C.P., rule 10.2. At this point, the matter was transferred back to *Judge Goodfarb,* as presiding criminal judge, who reassigned the cause to Judge Peterson for final disposition.

Appellant alleges it was improper, or at least displayed an appearance of impropriety, to permit a judge who has been dismissed for cause to subsequently appoint the judge ultimately presiding at sentencing. Appellant, however, cites no authority for this novel proposition, nor do we choose to adopt such a rule. In transferring the proceedings to Judge Goodfarb, Judge Coulter merely adhered to prescribed procedure. Upon a successful challenge for cause, the case must be immediately transferred to the presiding judge for reassignment. R.C.P., rule 10.5(a). Nothing in the rules excepts from this procedure a challenged presiding judge.

In *State v. Miranda*, 3 Ariz.App. 550, 416 P.2d 444 (1966), defendant Miranda filed an affidavit of prejudice against the presiding judge who was also to hear his arraignment. The challenged magistrate assigned the litigation to one judge for arraignment and to another for all other purposes. *Miranda* argued that former rule 200 of our Rules of Criminal Procedure, which prohibited a challenged authority from further proceeding in an action "except to call another *judge* [singular] to preside therein (emphasis added)" made appointment of more than one judge to try the case improper. Accepting the semantic premise of Miranda's contention, the court rejected it as mired in technicality. Logic dictates, the court reasoned, that the disqualification should not prevent the challenged judge from performing mere ministerial acts not involving judicial discretion.

Although the question presented and the Rule of Criminal Procedure at issue in *Miranda* are distinguishable from those *sub judice*, we find the reasoning of the opinion sound and applicable in the instant dispute. In reassigning the case, Judge Goodfarb made no substantive rulings involving the merits of the case. He performed, instead, the mere preliminary function of assigning the case to an impartial tribunal. In our opinion, the transfer of this proceeding, amounting, as it did, to little more than the performance of non-discretionary, ministerial duty, does not amount to such appearance of impropriety as requires a disqualification.

In addition, we note that although appellant objected to a transfer to Judge Goodfarb at the close of the hearing on his challenge for cause, the proceedings were subsequently transferred to Judges Broomfield and Coulter before reaching the docket of Judge Goodfarb for reassignment. Appellant registered no similar complaint upon either the transfer to Judge Goodfarb or at the disposition hearing before Judge Peterson. Having failed to assert timely objection, appellant has waived this contention for purposes of review. *See State v. Stoneman*, 115 Ariz. 594, 566 P.2d 1340 (1977); *State v. Carpenter*, 1 Ariz.App. 522, 405 P.2d 460 (1965).

Pursuant to A.R.S. § 13–4035, we have searched the record for fundamental error and having found none, both the judgments of conviction and their attendant sentences are affirmed.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and CAMERON and GORDON, JJ., concur.