788 P.2d 1249

**STATE of Arizona, Appellee,**

v.

**George Henry JONES, Appellant.**

**No. 1 CA–CR 89–213.**

Court of Appeals of Arizona, Division 1, Department C.

Jan. 4, 1990.

Review Denied April 17, 1990.

Robert K. Corbin, The Atty. Gen. by Jessica G. Funkhouser, Chief Counsel, Criminal Div., and Diane M. Ramsey, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Stephen R. Collins, Deputy Public Defender, Phoenix, for appellant.

GERBER, Judge.

Appellant George Henry Jones (defendant) appeals from the revocation of his probation for failure to complete a drug counseling program.

### FACTS

As one of his conditions of probation, defendant was required to "participate and cooperate in and successfully complete any program of assistance, counseling, or therapy, whether outpatient or residential, as directed by the probation officer." Defendant's probation officer orally ordered defendant to participate in the TASC drug counseling program in order to comply with this probation condition. The order was not reduced to writing.

Defendant attended one or two TASC sessions but did not complete the program. He also failed to fulfill another condition of probation that he perform community service work. The trial court found that defendant violated these two conditions of probation. The court then revoked defendant's probation and sentenced him to a presumptive term of imprisonment. On appeal, defendant claims that the trial court erred by finding that he violated his probation because the requirement that he participate in TASC was not given to him in writing. Defendant does not appeal from the finding that he violated the community service requirement.

### ANALYSIS

■ Rule 27.1 of the Arizona Rules of Criminal Procedure gives probation officers the authority to impose regulations necessary to implement the conditions imposed by the court. Such regulations must be given in writing to the probationer. *Id.* Probation cannot be revoked for violation of a condition or regulation of which the probationer has not received a written copy. Rule 27.7(c)(2), Arizona Rules of Criminal Procedure. Arizona case law supports the conclusion that the provisions of probation must be formally documented.

*State v. Watkins,* 125 Ariz. 570, 611 P.2d 923 (1980); *State v. Carvajal,* 147 Ariz. 307, 709 P.2d 1366 (App.1985); *State v. Heasley,* 23 Ariz.App. 345, 533 P.2d 556 (1975). The requirement that defendant enroll in and complete the TASC program had to have been written to serve as a basis for revoking probation. Because it was not, the trial court erred by revoking defendant's probation.

■ When some of the probation violation findings are set aside on appeal, the revocation and sentence should be set aside and the case remanded to the trial court for a new disposition hearing unless the record clearly shows the sentencing court would have made the same disposition even without the improper findings. *State v. Ojeda,* 159 Ariz. 560, 769 P.2d 1006 (1989); *State v. Davis,* 159 Ariz. 562, 769 P.2d 1008 (1989). Here, the trial court sentenced defendant to a presumptive term and stated that it was a "real break" for defendant because he "didn't make much of an attempt to conform to probation." We are unable to determine from the record whether the court would have sentenced defendant differently without the finding that he failed to complete the TASC program. We therefore set aside the revocation and sentence. We remand to the trial court for a new disposition hearing based on the non-appealed finding that defendant committed one probation violation.

FIDEL, P.J., and EUBANK, J., concur.