864 P.2d 1056

**STATE of Arizona, Appellee,**

v.

**Ronald A. ROBINSON, Appellant.**

Nos. 1 CA–CR 92–0648, 1 CA–CR 92–0649 and 1 CA–CR 92–0657.

Court of Appeals of Arizona, Division 1, Department D.

May 18, 1993.

Reconsideration Denied June 29, 1993.

Review Granted Jan. 11, 1994.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Appeals Section, and Ronald L. Crismon, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Spencer D. Heffel, Deputy Public Defender, Phoenix, for appellant.

## OPINION

FIDEL, Chief Judge.

We hold in this opinion that probation can be revoked when a probationer violates a probationary condition that was not presented in writing if the probationer admits in a revocation hearing that he received actual notice of the condition.

In January 1991, Ronald A. Robinson ("defendant") received concurrent terms of probation in the three underlying cases after pleading guilty to criminal damage, resisting arrest, and burglary in the second degree. The trial court included among the standard written conditions of each probation that defendant "[p]articipate and cooperate in and successfully complete any program of assistance, counseling or therapy, whether outpatient or residential, as directed by the probation officer."

In March 1992, defendant's probation officer petitioned in each case to revoke defendant's probation. Defendant was given a hearing and, after being fully informed of his rights and of the consequences of admission, made the following admission:

> The Court: Very well. It is alleged in the petition to revoke that you did violate Term 3 of your probation when you failed to participate, cooperate in and successfully complete DOVE, D–O–V–E, program as directed by the supervising probation officer. Do you admit or deny that allegation?
> The Defendant: Admit.
> The Court: Were you directed by your probation officer to participate in, cooperate and successfully complete that program?
> The Defendant: Yes, sir.
> The Court: Did you fail to do so?
> The Defendant: Yes, sir.
> The Court: What happened? Did you walk away from it, stop going, or what?
> The Defendant: No. I never—she told me—told me to report, and I never went.
> The Court: That was your choice at some point. Whatever reasons, you chose not to go?
> The Defendant: Yes.

The trial court accepted defendant's admission, found that he had violated probation, and ultimately reinstated probation in each case, though adding a ninety-day jail term.

Defendant now appeals, arguing that, absent evidence that the probation officer had directed him in writing to participate in D.O.V.E., the trial court erred by finding that he violated probation by failing to do so. Defendant relies on Rule 27.7(c)(2) of the Arizona Rules of Criminal Procedure and the opinion of this court in *State v. Jones*, 163 Ariz. 498, 788 P.2d 1249 (App.1990).

Rule 27.7(c)(2) provides: "Probation shall not be revoked for violation of a condition or regulation of which the probationer has not received a written copy." The purposes of this requirement are to reduce evidentiary disputes over what probationers were told and to protect probationers against probation officers' arbitrary acts. *See State v. Heasley*, 23 Ariz.App. 345, 347, 533 P.2d 556, 558 (1975). Both purposes are fully met when, as here, the probationer, fully informed of

the consequences of admission, voluntarily admits in open court that he was notified of the condition that he violated. Accordingly, because the purposes of Rule 27.7(c)(2) were met and because the failure to give defendant written directions caused him no prejudice, we find no cause for reversal in this case. *See* Ariz.Rev.Stat.Ann. ("A.R.S.") § 13–3987 (1989).

We acknowledge that *Jones* can be interpreted to require a contrary result. There, in the absence of a written directive by the probation officer to participate in a specific counseling program, we interpreted Rule 27.-7(c)(2) to preclude finding that the probationer had violated probation by failing to successfully complete the program. In *Jones,* however, the issue of admitted notice does not appear to have been presented and was not considered by the court. Nor was admitted notice an issue in the three cases cited in *Jones. See State v. Watkins,* 125 Ariz. 570, 611 P.2d 923 (1980); *State v. Carvajal,* 147 Ariz. 307, 709 P.2d 1366 (App.1985); *State v. Heasley,* 23 Ariz.App. at 347, 533 P.2d at 558. In this case, we find that issue determinative, and we reject any contrary implication in *Jones.*

■ We add that compliance with Rule 27.7(c)(2) is not just the better practice, it is the required practice. Neither judges nor probation officers are free to ignore the rule. The state has the burden of proving written notice; and, unless the probationer admits notice, revocation cannot be predicated upon a violation of a specific condition of probation that has not been given to the probationer in writing. Here, however, because defendant admitted notice in the revocation hearing, we find no basis to reverse.

The court, pursuant to A.R.S. section 13–4035 (1989), has reviewed the record for fundamental error and found none. The trial court's judgments in these consolidated cases are affirmed.

TOCI, P.J., and CLABORNE, J., concur.