869 P.2d 1196

**STATE of Arizona, Appellee,**

v.

**Ronald A. ROBINSON, Appellant.**

**No. CR–93–0354–PR.**

Supreme Court of Arizona,
En Banc.

March 10, 1994.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Cr. Appeals Section and Ronald L. Crismon, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Spencer D. Heffel, Deputy County Public Defender, Phoenix, for appellant.

## OPINION

MOELLER, Vice Chief Justice.

### STATEMENT OF THE CASE

The trial court found that defendant violated identical terms of his three probations. On appeal, the court of appeals held that, notwithstanding the provisions of Rule 27.7(c)(2), Ariz.R.Crim.P., a probation violation could be based on a violation of an oral probation term if the defendant admitted he received notice of the oral term. *State v. Robinson*, 177 Ariz. 24, 864 P.2d 1056 (App. 1993). We granted review to determine the propriety of this interpretation of Rule 27.-7(c)(2). We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and Rule 31.19, Ariz.R.Crim.P.

We hold that, under Rule 27.7(c)(2), the defendant cannot be found to have violated a term of his probation unless he has received written notice of the term allegedly violated. Accordingly, we vacate the opinion of the court of appeals, set aside the trial court's finding of a violation, and remand for further proceedings consistent with this opinion.

### FACTUAL AND PROCEDURAL BACKGROUND

In January 1991, defendant received concurrent probation terms in three separate cases after pleading guilty to various crimes. As one of the conditions of each probation, defendant was required to "[p]articipate and cooperate in and successfully complete any program of assistance, counseling or therapy, whether outpatient or residential, as directed by the probation officer." This condition of

probation was in writing as one of the pre-printed conditions checked by the judge, and was given to defendant at the time he received probation. Later, acting pursuant to this written authority, defendant's probation officer orally directed defendant to enter into and participate in a counseling program known as "D.O.V.E." No written order to this effect is in the record and the court of appeals proceeded on the assumption that it was an oral order. We do likewise.

Defendant did not participate in the D.O.V.E. counseling program. Consequently, in March 1992, his probation officer filed identical petitions to revoke defendant's three probations. At the probation revocation hearing, defendant admitted that, although he had been directed by his probation officer to participate in the D.O.V.E. program he, for personal reasons, chose not to do so. Based on this admission, the trial court found that defendant had violated his probations. The trial court then reinstated defendant to probation with an additional jail term of six months. Defendant appealed.[1]

On appeal, defendant argued that the trial court erred by finding probation violations because the requirement that he participate in D.O.V.E. was not given to him in writing as required by Rule 27.7(c)(2), Ariz.R.Crim. P., and the recent case of *State v. Jones*, 163 Ariz. 498, 788 P.2d 1249 (App.1990). The court of appeals agreed that Rule 27.7(c)(2) requires written notice, but nevertheless affirmed.[2] The appeals court reasoned that the purposes of the rule were satisfied when the defendant voluntarily admitted in open court that he had received notice of the oral condition. The court distinguished its earlier *Jones* case because in that case "the issue of admitted notice does not appear to have been presented and was not considered by the

court." *Robinson*, 177 Ariz. at 26, 864 P.2d at 1058. We granted review.

## ISSUE

Rule 27.7(c)(2), Ariz.R.Crim.P., provides, in pertinent part: "Probation shall not be revoked for violation of a condition or regulation of which the probationer has not received a written copy." The question here is whether the rule is satisfied when the probationer receives no written order, but admits receiving an oral order.

## ANALYSIS

■ Rule 27.7(c)(2) was intended to reduce evidentiary disputes over what probationers are told and to protect probationers against probation officers' arbitrary acts. *See State v. Heasley*, 23 Ariz.App. 345, 347, 533 P.2d 556, 558 (1975). The court of appeals found that these purposes are met "when, as here, the probationer, fully informed of the consequences of admission, voluntarily admits in open court that he was notified of the condition that he violated." *Robinson*, 177 Ariz. at 25–26, 864 P.2d at 1057–58. We disagree that an oral condition of probation can be the basis for a finding of a probation violation.[3]

■ As a preliminary matter, we reject the state's contention that Rule 27.7(c)(2) was satisfied because the defendant was given written notice generally that he should participate in some "program of assistance, counseling or therapy, whether outpatient or residential, as directed by his probation officer." This written notice does not specifically tell the defendant what he must do. It gives neither the trial court nor the appellate court guidance as to what defendant was supposed to do. Nor is it the order that was

---

1. The trial court proceedings were held before September 30, 1992. After that date, a defendant who admits a violation of his probation may not seek review by direct appeal, but must instead proceed via a petition for post-conviction relief. *See* Rule 27.8(e), Ariz.R.Crim.P.

2. Because defendant failed to object to the lack of written notice at the trial court level, the court of appeals could have considered the issue precluded on appeal. However, because the court dealt with the merits of the issue in a published opinion, we necessarily do the same.

3. Although neither party raises the point, we note that defendant's probation was not revoked, but rather was reinstated with additional jail time. On its face, Rule 27.7(c)(2) only prohibits *revocation* of probation for violating an unwritten term or condition of probation. We do not believe that the disposition made after a finding of violation should determine whether the violation was properly found in the first instance. The clear intent of the rule is that oral terms and conditions shall not be the basis for revocation proceedings.

alleged as the basis for violation in this case. The exact order defendant was charged with violating was the probation officer's more specific oral directive to enter into and participate in the D.O.V.E. program. This is the order, therefore, to which we will give Rule 27.7(c)(2) scrutiny.

Although we agree with the court of appeals that some of the purposes of requiring written notice are met when a probationer admits he was aware of an oral condition, for several reasons we think it is nevertheless wise to insist on written notice as a basis for revocation. First, Rule 27's language unequivocally requires written notice. Rule 27.1 mandates that "[a]ll conditions and regulations shall be in writing, and a copy of them given to the probationer." Rule 27.7(c)(2), the rule at issue here, provides that "[p]robation shall not be revoked for violation of a condition or regulation of which the probationer has not received a written copy."

Second, written notice is not an onerous requirement.[4] In this case, for instance, if the probation officer had wanted to initiate probation revocation proceedings for the probationer's failure to comply with his directive, he could have simply written out his order and given it to the probationer. Then, if the probationer further refused to participate in the D.O.V.E. program, the probationer could be subject to probation revocation. See Stotts, 144 Ariz. at 78, 695 P.2d at 1116 (subsequently providing probationer with written order cures unenforceability of probation based on oral directive).

Third, finding oral notice alone sufficient might lead to unfair results. For example, under the rationale of the court of appeals and of the dissent, an honest probationer who admits he received an oral order can have his probation revoked, but a dishonest probationer who denies receipt of an oral order cannot be found in violation. We are concerned with that approach because it encourages the filing of revocation proceedings based on undocumented oral orders and then places an affirmative duty on the defendant

to point out that the rule requiring written notice has been ignored. In many revocation proceedings, including this one, the probationer is incarcerated pending determination of the petition. It seems fundamentally unfair to jail a probationer until he has an opportunity to demonstrate to the court that the petition is fatally defective because it is based on an oral order.

Finally, Arizona case law has consistently required written notice. See State v. Watkins, 125 Ariz. 570, 611 P.2d 923 (1980); State v. Williams, 122 Ariz. 146, 593 P.2d 896 (1979); State v. Gomez, 112 Ariz. 243, 540 P.2d 1224 (1975); State v. Jones, 163 Ariz. 498, 788 P.2d 1249 (App.1990); State v. Carvajal, 147 Ariz. 307, 709 P.2d 1366 (App. 1985); State v. Heasley, 23 Ariz.App. 345, 533 P.2d 556 (1975). In Watkins, we upheld a finding of probation violation despite the defendant's claim he had received no written notice only because the record clearly established he had specifically acknowledged receipt of the written order. 125 Ariz. at 572, 611 P.2d at 925. We noted that "virtually all of the cases are in agreement in requiring that the provisions of probation be formally documented." Id. In Williams, we held that because "it is uncontroverted that appellant did not receive written notice [of a specific oral directive] ... his probation cannot be revoked on that ground." 122 Ariz. at 150, 593 P.2d at 900. So, too, should the analysis be here.

We also disagree somewhat with the court of appeals' conclusion that this case is distinguishable from Jones. The facts in Jones are analogous. In Jones, the written probation terms contained the same boilerplate general directive as in this case. Pursuant to this general authority, the probation officer orally ordered the defendant into the T.A.S.C. program. In Jones, the court of appeals held that the trial court could not revoke defendant's probation because the order to go into T.A.S.C. was only oral. 163 Ariz. at 499, 788 P.2d at 1250. The court of appeals here, however, distinguished Jones

---

4. Our opinion should not be read as precluding oral orders. We merely hold that such orders must be reduced to writing if revocation is to be sought for their violation. See State v. Stotts, 144 Ariz. 72, 78, 695 P.2d 1110, 1116 (1985) (failure to provide probationer written conditions at time of probation renders probation unenforceable by revocation but not invalid).

because, unlike this case, the issue of admitted notice was not presented. Regardless of the state's failure in *Jones* to advance the "admitted notice" theory, it is obvious that Jones did have actual notice of the T.A.S.C. order: he attended several classes in the T.A.S.C. program before dropping out, a fact the *Jones* opinion specifically noted. *Id.* Thus, we do not find *Jones* or any of the above cases distinguishable.

## DISPOSITION

We hold that Rule 27.7(c)(2) precludes a probation violation finding based on failure to comply with an oral order. We fully understand the utility of oral orders and the need for oral communications between probationers and their probation officers. This opinion should in no way be read as discouraging that process. But if an order is important enough to warrant a revocation petition, the order first must be reduced to writing and given to probationer, as is clearly contemplated by Rule 27.7(c)(2). On the record before us, we set aside the trial court's finding of probation violation and vacate the opinion of the court of appeals. *Robinson*, 177 Ariz. 24, 864 P.2d 1056 (1993). Because other violations were alleged, but never tried because of defendant's admission, we remand to the trial court for further proceedings consistent with this opinion.

FELDMAN, C.J., and CORCORAN and ZLAKET, JJ., concur.

MARTONE, Justice, dissenting.

I agree with the court that under Rule 27.1, Ariz.R.Crim.P., conditions of probation imposed by the judge and regulations of probation imposed by the probation officer must be in writing and a copy must be delivered to the probationer. I agree that under Rule 27.5(a), Ariz.R.Crim.P., the violation of a written condition or regulation of probation is a prerequisite to the filing of a petition to revoke probation. I also agree that under Rule 27.7(c)(2), Ariz.R.Crim.P., probation cannot be revoked for the violation of a condition or regulation of which the probationer did not receive a written copy.

But these rules are designed to protect the defendant against the arbitrary actions of those who would revoke probation, and to promote certainty in the process. If the defendant denies the allegations in the petition to revoke, there must be a violation hearing, at which the failure to prove a written regulation of probation would be fatal to the revocation. Thus, in every such case in which the defendant's rights are jeopardized, the absence of a written copy of the regulation would prevent revocation.

But that is not what we have here. In this case, the defendant wanted to admit the allegations. He had reached agreement. Had he not wanted to, he simply could have insisted upon a hearing at which he would raise the absence of a written copy as a bar to revocation. Nor is he harmed by his admission because, as the court of appeals properly noted, actual notice was beyond dispute.

By reaching a contrary conclusion, the court elevates receipt of a written copy of a regulation to a status not enjoyed by even constitutional rights. I could well understand this if our decision actually promoted the purposes sought to be achieved by the court. The court says that it must insist on written notice because "an honest probationer who admits he received an oral order can have his probation revoked, but a dishonest probationer who denies receipt of an oral order cannot be found to be in violation." *Ante*, at 545, 869 P.2d at 1198. But this would never happen. The exception to the written copy requirement only applies in the context of an admission by a probationer. If the probationer does not admit, the oral order will always be inadequate. Any denial by the probationer of receipt of written notice would always result in the sort of hearing to which the probationer would be entitled anyway. Oral notice would always be inadequate in that setting. I therefore do not understand the court's concerns about "honest" and "dishonest" probationers. Every case upon which the court relies, including *State v. Stotts*, 144 Ariz. 72, 695 P.2d 1110 (1985), involved a violation hearing at which notice was denied, not an admission proceeding at which notice is admitted.

Nor do I understand how an admission exception will encourage wrongful revocation filings. When a petition to revoke is filed, a judge must review it *before* issuing a summons or warrant under Rule 27.5(b), Ariz. R.Crim.P. The judge must first find "reasonable cause to believe that a probationer has violated a *written* condition or regulation" under Rule 27.5(a), Ariz.R.Crim.P. Unless a written term is alleged, no warrant will issue. Moreover, and perhaps more importantly, today's decision will not protect against the filing of unsupported petitions to revoke. Under either rule, all that stands between the probationer and jail is the vigilant judge. Indeed, by not allowing a defendant to admit to the violation, written notice of which is disputed, he or she may well be incarcerated for a longer period waiting for the revocation hearing at which the issue of the existence of a writing will be adjudicated.

Because I cannot see how the purposeless application of our rule, even against the will of the defendant, can possibly be fundamental error, let alone reversible error, I dissent.