128 N.M. 84

993 P.2d 1048

**In re RICHARD M.**

**No. 1 CA–JV 98–0182.**

Court of Appeals of Arizona,
Division 1, Department C.

March 9, 1999.

Redesignated as Opinion
and Publication Ordered July 15, 1999.

Richard M. Romley, Maricopa County Attorney By Linda Alauria, Deputy County Attorney, Phoenix, Attorneys for Appellee.

Dean W. Trebesch, Maricopa County Public Defender By Suzanne Weschler Sanchez, Deputy Public Defender and Susan G. White, Deputy Public Defender, Mesa, Attorneys for Appellant.

## OPINION

GARBARINO, Presiding Judge.

¶ 1 Richard M. appeals from the juvenile court's determination that he violated the terms and conditions of his probation. We agree and we reverse and remand.

### FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 In May 1997, Richard was found to be in violation of his probation. That same month, he was placed on juvenile intensive probation supervision (JIPS). In December 1997, the court continued Richard on JIPS after adjudicating him delinquent for aggravated criminal damage. Term nine of Richard's December 1997 written terms of probation stated that he was to allow drug and alcohol testing or treatment as directed by his probation officer.

¶ 3 The probation officer filed a petition to revoke Richard's probation on June 11, 1998, alleging that Richard had not complied with weekly drug testing at the Treatment Assessment Screening Center (TASC), that he had failed to complete thirty-two hours per week of approved activities, and that he had not remained at home. The juvenile court determined that Richard had violated his probation. The court then continued Richard on JIPS and affirmed all previous terms and conditions with the exception that he be allowed to reside with an aunt. The court also ordered weekend detention should Richard miss a drug test or give a positive or diluted drug test. Richard appealed, raising two issues:

1. Whether he violated his probation requiring him to submit to drug testing when he was not advised in writing of the time and place of the testing; and

2. Whether due process requires a hearing prior to being ordered into weekend detention by a probation officer for an alleged violation of the drug-testing conditions.

## DISCUSSION

I. *Written Probation Instructions*

¶ 4 On May 19, 1997, when the juvenile court first placed Richard on JIPS, Richard signed and received a copy of the conditions of his probation. Term eight stated that Richard must "allow drug and alcohol testing and treatment as directed by [his] probation officer ." When the court placed Richard on JIPS on December 1, 1997, it affirmed the terms previously imposed and issued a new set of standard terms. Term nine ordered Richard to "[a]llow and cooperate with drug

and alcohol testing and treatment as directed by your probation officer."

¶5 The petition for revocation dated June 11, 1998 alleges that Richard did not ·report to TASC for drug testing during the weeks of May 17, May 24, and May 31, 1998. At the revocation hearing, the probation officer testified that she orally advised Richard to report to TASC for weekly testing but that she did not reduce the instructions to writing. Richard argues that he cannot be found to have violated a written provision requiring drug testing because the time and location of the testing was not reduced to writing.

¶6 The Arizona Supreme Court has required as a matter of due process that provisions of probation be given to a probationer in writing. *See State v. Watkins,* 125 Ariz. 570, 572, 611 P.2d 923, 925 (1980); Ariz. R.Crim. P. 27.1 ("All conditions and regulations shall be in writing, and a copy of them given to the probationer."); Ariz. R.Crim. P. 27.2 ("A written copy of any modification or clarification shall be given to the probationer."). An oral condition of probation cannot be the basis for finding a probation violation. *See State v. Robinson,* 177 Ariz. 543, 544, 869 P.2d 1196, 1197 (1994); *State v. Jones,* 163 Ariz. 498, 499, 788 P.2d 1249, 1250 (App. 1990).

¶7 In *Jones,* the written conditions of probation required only that Jones "participate and cooperate in and successfully complete any program of assistance, counseling, or therapy, whether outpatient or residential, as directed by the probation officer." 163 Ariz. at 499, 788 P.2d at 1250. The probation officer then orally referred Jones to participate in a TASC program. The *Jones* court concluded that "[t]he requirement that defendant enroll in and complete the TASC program had to have been written to serve as·a basis for revoking probation." *Id.* Similarly, in *Robinson,* the court found that the challenged oral directive fleshed out a written term so vague that it did "not specifically tell the defendant what he must do." 177 Ariz. at 544, 869 P.2d at 1197.

¶8 In keeping with *Jones* and *Robinson,* we find that the juvenile court could only have found Richard in violation of term nine of his probation if the probation officer had first provided Richard with written notice of where and when he was to appear for drug testing. We agree with the pronouncement in *Robinson* that "if an order is important enough to warrant a revocation petition, the order first must be reduced to writing and given to probationer." 177 Ariz. at·546, 869 P.2d at 1199.

## II. *Necessity of a Hearing Prior to Detention*

¶9 When the juvenile court reinstated Richard on JIPS and ordered that drug testing be performed, it provided that: "If he does, in fact, test positive, he will belong to me from Fridays at 5:00 PM to Sundays at 5:00 PM. That goes for whether you are positive or whether you are diluted or whether you failed to test." Richard requested a hearing prior to any detention. The juvenile court responded, "[n]o. There is no hearing, okay. If he doesn't test, if it is diluted, or if he turns up positive, he will report. That, he can control. If he decides not to report, we can handle that, as well."

¶10 A court cannot order a juvenile into detention without a petition to revoke probation or without a hearing because to do so would violate the juvenile's right to due process. *See In re Marie G.,* 189 Ariz. 632, 634, 944 P.2d 1246, 1248 (App.1997).

> Before the juvenile can be ordered into detention for a positive urinalysis or no urinalysis, however, she must be given notice of the "charge," and a pre-detention opportunity to contest it and present evidence. Whether that pre-detention notice-and-hearing process is initiated by a petition to revoke probation or by an order to show cause is a matter to be decided by the juvenile court.

*Id.* (citation omitted).

¶11 The juvenile court has the discretion to modify a juvenile's disposition, including the terms of probation, according to the juvenile's evolving needs and situation. *See In re Maricopa County Juv. Action No. JV-508488,* 185 Ariz. 295, 301 n. 2, 915 P.2d 1250, 1256 n. 2 (App.1996). "[H]owever, that juris-

diction must be exercised in accordance with due process standards." *Id.*

CONCURRING: REBECCA WHITE BERCH, Judge.

EHRLICH, Judge, concurring in part, dissenting in part.

¶ 12 I agree with the majority that a hearing was required prior to ordering Richard into detention for a missed, positive or diluted drug test. However, I disagree that Richard's probation could not be revoked because he was not ordered in writing to report to TASC for weekly drug testing.

¶ 13 Although I agree with the majority and the established law in Arizona requiring that the provisions of probation be given to a probationer in writing as being both sensible and consistent with due process, I draw the line at burdening the juvenile court with ministerial activities.[1] Richard was ordered in writing to report for drug testing. He did not. The issue is not that he failed to report for drug testing at a specific locale but that he did not report at all. In this case, the location is largely irrelevant, and its designation is just slightly more than an address.

¶ 14 In *State v. Jones,* the probationer was ordered to "participate and cooperate in and successfully complete any program of assistance, counseling, or therapy, whether outpatient or residential, as directed by the probation officer." 163 Ariz. 498, 499, 788 P.2d 1249, 1250 (App.1990). We held that his probation could not be revoked after he failed to attend TASC because he had not been told do so in writing. The difference between *Jones* and this case is that, in *Jones,* the term of probation was vague, and there could be legitimate confusion as to what was expected of the probationer. There is no such confusion in this case. Richard knew exactly what he was supposed to do because the salient probation provision that he go to drug testing was in writing. He failed to do

so. I would uphold the juvenile court on this issue.

---

1. This unnecessary burden on the juvenile court also constitutes a denial of necessary flexibility for the probation officer.