NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ESTEVAN BAUMAN LOPEZ, *Appellant.*

No. 1 CA-CR 14-0357
FILED 9-1-2015

Appeal from the Superior Court in Maricopa County
No.  CR2011-112361-002 DT
The Honorable Dawn M. Bergin, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Chris DeRose
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Carlos Daniel Carrion
*Counsel for Appellant*

### MEMORANDUM DECISION

Chief Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Kent E. Cattani joined.

**B R O W N**, Chief Judge:

**¶1** Estevan Bauman Lopez appeals from his conviction and resulting sentence for escape in the second degree. For the following reasons, we affirm.

### BACKGROUND

**¶2** In February 2011, Lopez was placed on two years' probation after being convicted of felony endangerment and driving under the influence of alcohol. As a condition of probation,[1] Lopez was required to serve two months in the county jail and, if eligible, participate in a work furlough program that would allow him to leave the jail for specified time periods for employment purposes.

**¶3** Before the program started, a detention officer gave Lopez a form entitled "Work Furlough Program Rules and Regulations" ("Work Furlough Rules") and explained the conditions of the program. Lopez initialed each of the twelve paragraphs and signed the form, attesting he had "read and/or had explained to [him] the [] rules and regulations of the Work Furlough Program." The first paragraph of the Work Furlough Rules provided as follows:

> If I fail to return to the [detention] facility as directed, I will be charged with escape pursuant to A.R.S. 13-2503, a CLASS 5 FELONY, a warrant for my arrest will be issued, and a petition to revoke my probation will be filed. Conviction for this charge may result in prison incarceration.

---

[1] We take judicial notice of the terms and conditions of probation Lopez agreed to from the February 2011 convictions in Maricopa County Superior Court No. CR2008-108294-001 SE. *See State v. Levens*, 214 Ariz. 339, 340, ¶ 2, n. 1, 152 P.3d 1222, 1223 (App. 2007) (taking judicial notice of probation conditions).

**¶4**        Although the Work Furlough Rules did not expressly establish the times in which Lopez was authorized to leave the facility for work purposes, the officer "set up the hours" during an orientation session Lopez participated in prior to starting the work furlough program.  On March 9, 2011, Lopez left the detention facility and was directed to report back by 5:00 p.m.  However, Lopez did not check in until approximately 1:00 a.m. on March 10, eight hours past his report time.  Pursuant to the facility's policy, if a work furlough participant returns within the first six hours past the scheduled return time, the supervising intake officer determines whether to take action against the participant.  But if the participant arrives more than six hours late, the participant is considered "escaped" and an incident report must be generated.  Consistent with this policy, when Lopez had still not returned by 11:00 p.m., the intake officer generated an incident report and filled out a form to have a warrant issued.  Upon his return, Lopez was taken back into custody.  Lopez admitted being late, explaining he had been at a bar and walked back to the facility.

**¶5**        A jury found Lopez guilty of escape in the second degree.  Prior to sentencing, Lopez admitted he had one historical prior felony conviction and was on probation at the time of the instant offense.  The trial court sentenced Lopez to a presumptive term of 2.25 years' imprisonment.  Lopez timely appealed.

## DISCUSSION

**¶6**        Lopez argues he was entitled to written notice that he would be charged with escape if he returned to the detention facility six hours or more after his designated return time, and that the "boilerplate" language of the Work Furlough Rules, which contained a general directive that Lopez would be charged with escape if he "failed to return, as directed," was insufficient to constitute such written notice.  Thus, Lopez argues the evidence failed to establish beyond a reasonable doubt that he knowingly failed to return to the facility.

**¶7**        We review the sufficiency of evidence presented at trial only to determine if substantial evidence exists to support the jury verdict.  *State v. Stroud*, 209 Ariz. 410, 411, ¶ 6 (2005).  Substantial evidence is that which "reasonable persons could accept as sufficient to support a guilty verdict beyond a reasonable doubt."  *Id.* at 412, ¶ 6.  In evaluating whether substantial evidence exists, we view the facts in the light most favorable to sustaining the jury's verdict and resolve all inferences against Lopez.  *Id.*

3

**¶8**      Lopez cites *State v. Robinson*, 177 Ariz. 543 (1994), in support of his argument that he could not be properly convicted of escape because he was not provided written notice of the precise time restrictions he was expected to follow while participating in the work furlough program.  In *Robinson*, the defendant's probation terms required him to participate in counseling or programs "as directed by the probation officer." *Id.*  The defendant's probation officer subsequently directed him to enroll in a specific counseling program, which the defendant failed to do, and the probation officer filed a petition to revoke the defendant's probation.  *Id.* at 544.  Our supreme court set aside the trial court's probation violation finding, holding that Arizona Rule of Criminal Procedure ("Rule") 27.7(c)(2) (now Rule 27.8(c)(2)) "precludes a probation violation finding based on failure to comply with an oral order" and requires a defendant to receive written notice of a specific term of probation before he can be found to have violated that term.  *Id.* at 546.

**¶9**      Unlike *Robinson*, this case is not a probation revocation matter; Lopez's conviction and sentence arise not out of his failure to comply with the Work Furlough Rules, but out of his violation of a universally applicable criminal statute, A.R.S. § 13-2503, which provides: "[a] person commits escape in the second degree by knowingly . . . [e]scaping or attempting to escape from custody imposed as a result of having been arrested for, charged with or found guilty of a felony[.]"  A.R.S. § 13–2503(A)(2).  Escape is the "departure from custody or from . . . an adult correctional facility in which a person is held or detained with knowledge that such departure is unpermitted or failure to return to custody or detention following a temporary leave granted for a specific purpose or for a limited period."  A.R.S. § 13-2501(4).

**¶10**      A person "knowingly" commits escape if he "is aware or believes that [his] conduct is of that nature or that the circumstance exists."  A.R.S. § 13-105(10)(b).  The statute "does not require any knowledge of the unlawfulness of the act or omission." *Id.*; *see also* A.R.S. § 13-204(B) ("Ignorance or mistake as to a matter of law does not relieve a person of criminal responsibility.").  Thus, to establish that Lopez was guilty of escape in the second degree, the State needed to present evidence that he knowingly failed to return to the detention facility following his temporary work-furlough leave.

**¶11**      Contrary to his arguments, A.R.S. §§ 13-2503(A)(2) and -2501(4) do not require that Lopez had to be informed in writing of the time he was required to return to the detention facility.  *Cf.* Ariz. R. Crim. P. 27.8(c)(2) ("Probation shall not be revoked for violation of a condition or

regulation of which the probationer has not received a written copy."). The provision of the Work Furlough Rules clause alerting Lopez that if he failed to return to the facility as directed he would be charged with the crime of escape was not a term of probation like that at issue in *Robinson*, 177 Ariz. at 543; rather, the provision simply reiterated what Arizona law already provides—that failure to return to a detention facility after temporary leave is a crime.

**¶12**        Moreover, even if *Robinson* applied, Lopez acknowledged receiving a written agreement listing the regulations and conditions of the work furlough program, including a provision noting that his failure to return to the detention facility as directed would result in an escape charge being filed against him. Thus, Lopez had written notice of the consequences of failing to directly return to the facility after work.

**¶13**        Substantial evidence supports Lopez's conviction for escape in the second degree. Lopez stipulated he was an inmate at the detention facility in connection with a prior felony conviction, and he was advised of the hours he was authorized to leave for work furlough. Two detention officers testified that Lopez was required to return at 5:00 p.m. on March 9, but did not do so. A reasonable juror could therefore conclude that Lopez knowingly failed to return to the detention facility after his temporary work furlough.

## CONCLUSION

**¶14**        We affirm Lopez's conviction and sentence.



Ruth A. Willingham · Clerk of the Court
FILED: ama