NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DIONDRE LAMON RODRIGUEZ, *Appellant.*

No. 1 CA-CR 21-0523
FILED 8-9-2022

Appeal from the Superior Court in Apache County
No. SO100CR202000267
The Honorable Michael D. Latham, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Tucson
By Kathryn A. Damstra
*Counsel for Appellee*

The Brewer Law Office, Show Low
By Benjamin M. Brewer
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Maria Elena Cruz and Judge Angela K. Paton joined.

**S W A N N**, Judge:

**¶1**        Diondre Lamon Rodriguez appeals the superior court's order revoking his probation.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2**        In May 2021, Rodriguez pleaded guilty to one count of possession or use of a dangerous drug.  The superior court suspended his sentence and placed Rodriguez on four years of supervised probation.

**¶3**        Rodriguez received and signed a copy of the Uniform Conditions of Supervised Probation.  Rodriguez acknowledged that his probation could be revoked if he violated any of the conditions.

**¶4**        The probation conditions permitted Rodriguez to apply for Interstate Compact supervision in California.  Believing Rodriguez's application to transfer to California was complete, his probation officer allowed him to travel to California.  Within a day, Rodriguez's probation officer discovered that Rodriguez had two outstanding criminal issues that needed to be resolved before he could be transferred to California.  He called Rodriguez and directed him to return to Arizona until the issues were resolved.  Rodriguez told his probation officer that he would return to Arizona, but never did.

**¶5**        The probation officer filed a petition to revoke Rodriguez's probation in July 2021, alleging three violations.  Condition 6 required Rodriguez to report to the probation department within 72 hours of sentencing and to continue to report to the probation department "as directed."  The petition alleged that Rodriguez violated Condition 6 by failing to return to Arizona to report to probation as directed.  Condition 7 required Rodriguez to reside in a residence approved by the probation department.  The petition alleged that Rodriguez violated Condition 7 by absconding and failing to live in an approved residence.  Condition 9 required Rodriguez to refrain from leaving for California until the probation department issued a travel permit and the Arizona probation

department received reporting instructions from California. The petition alleged that Rodriguez violated Condition 9 because he did not finish his application for Interstate Compact transfer and left Arizona before receiving reporting instructions from California.

¶6        After a hearing, the court found that the state proved all three violations by a preponderance of the evidence. The court revoked Rodriguez's probation and sentenced him to the presumptive term.

¶7        Rodriguez appeals.

## DISCUSSION

¶8        Rodriguez contends the court abused its discretion in revoking his probation because none of his probation conditions required him to return to Arizona at the oral directive of his probation officer if an issue with Interstate Compact arose, and probation did not modify the conditions in writing to allow this directive.[1] We review the court's decision to revoke probation for abuse of discretion, *State v. Sanchez*, 19 Ariz. App. 253, 254 (1973), and will uphold the court's violation findings unless they are "arbitrary or unsupported by any theory of evidence," *State v. Thomas*, 196 Ariz. 312, 313, ¶ 3 (App. 1999).

¶9        Under Arizona Rule of Criminal Procedure 27.1(b), all probation conditions must be in writing and given to the probationer. Any *modification* of a probation condition also must be in writing and given to the probationer. Ariz. R. Crim. P. 27.3(c). "An oral modification may not be the sole basis for revoking probation unless the condition or regulation is in writing and both the probationer and the probation department received a copy before the violation." *Id.*

¶10        Here, Condition 6 required Rodriguez to report to probation as directed. There was no requirement that the directive be in writing. According to the probation officer's testimony, when probation discovered an error with Rodriguez's Interstate Compact application, the probation officer called Rodriguez and directed him to return to Arizona to resolve the issues. The probation officer's directive to return to Arizona to resolve the issues with Rodriguez's Interstate Compact application did not need to

---

[1]        Rodriguez does not challenge the court's revocation based on his violations of Condition 7 and Condition 9. Because it is unclear from the court's order whether it would have revoked Rodriguez's probation on those two violations alone, we review Rodriguez's argument on the merits.

be in writing because the condition to report to probation as directed was already in writing and given to Rodriguez.

¶11 To support his argument that the directive modified Condition 6, Rodriguez relies on *State v. Jones*, 163 Ariz. 498 (App. 1990), *State v. Robinson*, 177 Ariz. 543 (1994), and *In re Richard M.*, 196 Ariz. 84 (App. 1999), in which the superior court erred in revoking probation based on verbal directives to participate in certain counseling or testing programs. The verbal directives in those cases are unlike the directive at issue here. In those cases, the verbal directives *modified* written conditions by adding specific requirements that required ongoing compliance by the probationers. *Jones*, 163 Ariz. at 499; *Robinson*, 177 Ariz. at 543–45; *In re Richard M.*, 196 Ariz. at 85–86, ¶¶ 4–8. Here, the probation officer directed Rodriguez to report to probation in Arizona to resolve the issues with his Interstate Compact application. This was not an added obligation or modification of a condition. Rodriguez agreed to report to probation as directed and probation directed him to report. In other words, Condition 6 "specifically [told] the defendant what he must do." *See Robinson*, 177 Ariz. at 544. There was no modification and no requirement for a writing.

## CONCLUSION

¶12 The court did not abuse its discretion in revoking Rodriguez's probation. We affirm.

