542 P.2d 829

**The STATE of Arizona, Petitioner,**

v.

**SUPERIOR COURT OF the State of ARIZONA, and the Honorable Richard N. Roylston, Judge of the Superior Court, Respondents;**

**and**

**George R. LEA, III, Real Party in Interest.**

**No. 2 CA–CIV 2030.**

Court of Appeals of Arizona, Division 2.

Nov. 26, 1975.

 

Dennis DeConcini, Pima County Atty. by Charles S. Sabalos, Deputy County Atty., Tucson, for petitioner.

Risner, Wolf & Raven by William J. Risner, Tucson, for real party in interest.

## OPINION

KRUCKER, Judge.

Pursuant to a plea agreement, the real party in interest pled guilty to the crimes of offering to sell a narcotic drug and possession of a narcotic drug for sale. On August 5, 1975, the respondent court sentenced the real party in interest to serve not less than five nor more than fifteen years in the Arizona State Prison, such sentence being within the lawful range of sentence as provided under the statutes to which he pled guilty. The real party in interest was subsequently indicted by a federal grand jury for making false statements in connection with the acquisition of a firearm. He pled guilty to that charge and was sentenced by the United States District Court on October 10, 1975, to serve a sentence of five years in a federal prison. He then filed a petition in Pima County Superior Court to modify his sentence imposed in Cause No. A–27336, alleging that the sentence was imposed in an unlawful manner under Rule 24.3, Rules of Criminal Procedure, and that under Rule 24.2, newly discovered material facts existed. The sentence was modified to a ten-year probationary term.

The basis of the modification, according to the respondent court, was that the five-year sentence imposed in the federal court was a sufficient penalty and that the interests of society and justice required the court to modify the sentence.

The only rule applicable to the situation before us is Rule 24.3 which states: "The court may correct any unlawful sentence or one imposed in an unlawful manner within 60 days of the entry of judgment and sentence but before the defendant's appeal, if any, is filed."

The reliance by the parties upon Rule 24.2 is misplaced as that rule specifically applies only to vacating judgments and not sentences. The comment to Rule 24.3 makes this clear. It reads:

"This rule allows the court to correct an unlawful sentence or one imposed in an unlawful manner within 60 days of the entry of judgment and pronouncement of sentence . . .. An unlawful sentence is one not authorized by law; a sentence imposed in an unlawful manner is one imposed without due regard to the procedures required by statute or Rule 26. The Rule 24.2 motion to vacate judgment attacks the validity of the judgment itself; the Rule 24.3 motion assumes the correctness of the judgment, but attacks the validity of the sentence."

We have reviewed the record and there is nothing to show that the sentence was either unlawful or was imposed in an unlawful manner. Therefore, under Rule 24.3, any modification of the original sentence was in excess of the jurisdiction of the trial court.

The order modifying the sentence is therefore vacated with directions to reinstate the original sentence of not less than five nor more than fifteen years in the state prison.

HOWARD, C. J., and HATHAWAY, J., concur.