688 P.2d 1093

**STATE of Arizona, Appellee,**

v.

**Shelton Ray THOMAS, Appellant.**

**No. 1 CA–CR 7069.**

Court of Appeals of Arizona,
Division 1, Department B.

Sept. 11, 1984.

Robert K. Corbin, Atty. Gen., Phoenix by William J. Schafer III, Chief Counsel, Criminal Div. and Diane M. Ramsey, Asst. Attys. Gen., for appellee.

Ross P. Lee, Maricopa County Public Defender, Phoenix by Michael G. Sullivan, Deputy Public Defender, for appellant.

## OPINION

JACOBSON, Chief Judge.

Following an appeal to this court, the trial court, upon resentencing, imposed a greater sentence than previously imposed. This appeal questions the propriety of that resentencing.

Originally, the defendant was found guilty of four counts of sexual assault and one count of burglary. In that proceeding, the state had alleged a prior felony conviction for robbery and also gave notice that any convictions on the sexual assault counts would be used as prior convictions for sentencing purposes for the burglary count and *vice versa*.

These original convictions resulted in the trial court imposing, what it believed to be the maximum sentence of fourteen years on the sexual assault counts and what it believed to be the presumptive term on the burglary count, five years. The trial court ordered the sentences on the sexual assault counts to run concurrently, but to be consecutively to the sentence imposed on the burglary count. In essence, these sentences imposed a total of nineteen years imprisonment.

Appellant appealed both his convictions and sentences. This court, by a memorandum decision, *State v. Thomas*, 1 CA–CR 5577, filed Nov. 30, 1982, affirmed the defendant's convictions but found errors in the sentencing which required a remand. This court first noted that the trial court had failed to state on the record its reasons for making the sexual assault sentences run consecutively to the burglary sentence and set aside the sexual assault sentences. This court next noted that, contrary to the trial court's expressed intention to impose the maximum sentences on the sexual assault counts, it had not done so. Because the sexual assault charges were enhanced by the prior convictions, they carried a maximum term of 21 years, rather than 14 years, pursuant to A.R.S. §§ 13–604(D) and 13–702(D)(1). Finally, we noted that the five year sentence imposed on the burglary count was not within the legal range of sentencing, and therefore was invalid. Because the burglary conviction was also enhanced by the prior convictions, the legal range of sentencing on this charge was 10 to 20 years. All sentences were set aside

and the matter was remanded for resentencing.

Upon remand and resentencing, the trial judge, who was the same judge who had previously sentenced the defendant, imposed a sentence of 21 years on each of the sexual assault convictions and 15 years on the burglary conviction, all sentences to run concurrently. In essence, upon resentencing, defendant's maximum term of imprisonment was increased from 19 years to 21 years. The defendant has again appealed, contending that the trial court improperly increased his sentences on the sexual assault convictions from 14 to 21 years and that the sentence of 15 years on the burglary conviction was excessive.

■ We turn first to the propriety of the trial court increasing the sexual assault sentences. The defendant argues that such a resentencing is improper under *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). We disagree. As subsequent United State Supreme Court decisions have pointed out, *Pearce* was concerned with the constitutional due process necessity of protecting a defendant from any vindictiveness in the resentencing process following a successful appeal. As was emphasized in *Wasman v. United States,* —— U.S. ——, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984):

> If it is not clear from the court's holding in *Pearce,* it is clear from our subsequent cases applying *Pearce* that due process does not in any sense forbid enhanced sentences or charges, but only enhancement motivated by *actual vindictiveness* toward the defendant for having exercised guaranteed rights. (Emphasis in original.)

■ If the trial court details the nonvindictive rationale underlying the increased sentence and that rationale supports the increase, no due process violation has occurred. *Wasman v. United States, supra.* Here, the trial court at the time of the original sentence stated that it intended to sentence the defendant to the maximum term possible on the sexual assault convictions. In reality, the consecutive nature of

the sentences originally imposed approached that maximum.

On resentencing, the trial court again expressed its intent to impose the maximum sentence because of the defendant's prior record and his propensity for violence, particularly with respect to women. Under these circumstances, we can readily ascertain that the trial court's increase in sentence on the sexual assault convictions was not motivated by vindictiveness toward the defendant for exercising his rights to appeal. Rather, the intent on both sentencings was to punish the defendant to the maximum extent allowable under the law. We therefore find no constitutional due process infirmity under *Pearce.*

■ We also note that the enhanced sentences are not in violation of the double jeopardy clause of either the Arizona or United States Constitutions. *United States v. DiFrancesco,* 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). Nor did the original sentences in this case constitute "a situation in which the jury agrees or an appellate court decides that the prosecution has not proved its case," which would require the application of the double jeopardy clause. *State v. Rumsey,* 136 Ariz. 166, 665 P.2d 48 (1983), *cert. granted,* —— U.S. ——, 104 S.Ct. 697, 79 L.Ed.2d 163 (1984) (Quoting *Bullington v. Missouri,* 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981). *But see State v. Wheeler,* 108 Ariz. 338, 498 P.2d 205 (1972) and *State v. Fayle,* 134 Ariz. 565, 658 P.2d 218 (App.1983).

The defendant also argues, constitutional considerations aside, that under the Arizona Rules of Criminal Procedure and statutes, the sentences of fourteen years were legal sentences (being within the legally permissible range) and therefore cannot be changed even though mistakenly imposed. The argument is that the increased sentences for the sexual assault charges is merely an attempt to modify previously imposed legal sentences under Rule 24.3, Arizona Rules of Criminal Procedure, which under existing Arizona case law is prohibited.

■ We agree that the original sentence of fourteen years was a legal sentence in the sense that it was within the statutorily imposed perameters for the crime, considering enhancement provisions. The fact that the actual sentences imposed do not reflect the trial court's intent, does not make the sentences illegal. We also agree that if the trial court's resentencing was merely an attempt to modify the sentences, no legal authority existed for doing so. Under Arizona law, prior to the adoption of the new rules of criminal procedure, a sentence, once orally pronounced, was final and the trial court could not thereafter change or modify that sentence. *State v. Johnson,* 108 Ariz. 116, 493 P.2d 498 (1972). Rule 24.3 modified this result to the limited extent of allowing the trial court to correct "any unlawful sentence or one imposed in an unlawful manner" within sixty days of rendition. However, under Rule 24.3, if the sentence is neither "unlawful" nor "imposed in an unlawful manner" no jurisdictional authority exists for the trial court to change the sentence. *State v. Superior Court,* 25 Ariz.App. 248, 542 P.2d 829 (1975); *State v. Falkner,* 112 Ariz. 372, 542 P.2d 404 (1975). This inability to modify a legal sentence is not a constitutionally imposed limitation, but one imposed by Arizona criminal law.

However, in this case, the prior decision of this court vacated all the sentences imposed against the defendant and remanded for resentencing on all counts.

■ Under these circumstances, the trial court upon resentencing was not modifying previously imposed sentences (as those sentences had been vacated), but rather was sentencing anew. In the absence of any constitutional prohibitions, the trial court was free to impose any sentences which were legally allowable. The sentences of 21 years on the sexual assault convictions were legal sentences. Since we have previously held that under the circumstances presented here, an enhanced sentence does not violate either the due process clause or the double jeopardy clause of the constitution, those sentences are affirmed.

■ We turn now to the contention that the sentence of fifteen years on the burglary conviction was excessive. The defendant contends that a term greater than the minimum in light of the original sentence would be excessive. The sentence on the burglary charge was not a legal sentence since it was not within the range prescribed by statute. An illegal sentence is no sentence at all. *State v. Ortiz,* 104 Ariz. 493, 455 P.2d 971 (1969); *State v. Pyeatt,* 135 Ariz. 141, 659 P.2d 1286 (App. 1982). The imposition of a sentence within the statutory range is within the discretion of the trial court. *State v. Ferreira,* 128 Ariz. 530, 627 P.2d 681 (1980); *State v. Chavez,* 1 CA–CR 6116, 1 CA–CR 6117, 1 CA–CR 6168 (Consolidated) (Ariz.App.Jan. 10, 1984). Any challenge to a sentence within the statutory range must be carefully scrutinized because the trial court is in the best position to evaluate the defendant. *State v. Chavez, supra.* The reviewing court will not disturb a sentence within this statutory range unless there is an abuse of discretion. *State v. Baumann,* 125 Ariz. 404, 610 P.2d 38 (1980); *State v. Chavez, supra.* An abuse of discretion is characterized by arbitrariness or capriciousness, and the failure to conduct an adequate investigation into the facts relevant to sentencing. *State v. Gordon,* 125 Ariz. 425, 610 P.2d 59 (1980); *State v. Patton,* 120 Ariz. 386, 586 P.2d 635 (1978); *State v. Chavez, supra.*

■ The trial court found factors which supported giving an aggravated sentence on the burglary charge. In addition, at the initial sentencing, appellant was sentenced to serve the burglary term consecutively to the term on the sexual assault charges. Upon resentencing, the burglary term was made concurrent with the term given on the sexual assault charges. We find no abuse of discretion in the resentencing by the court within the correct statutory range in accordance with this court's previous decision.

The sentences of the trial court are affirmed.

CONTRERAS and OGG, JJ., concur.