709 P.2d 1366

**STATE of Arizona, Appellee,**

v.

.Kent Paul CARVAJAL, Appellant.

**No. 1 CA–CR 7842.**

Court of Appeals of Arizona,
Division 1, Department B.

Sept. 3, 1985.

Reconsideration Denied Nov. 4, 1985. ·

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., Georgia B. Ellexson, Asst. Atty. Gen., Phoenix, for appellee.

George A. Rouff, Yuma, for appellant.

## OPINION

JACOBSON, Chief Judge.

Under what circumstances ·may a trial judge vacate a sentence in a criminal case when it becomes apparent the judge was deliberately misled. This is the issue presented by this appeal.

The defendant, Kent Paul Carvajal, was charged with burglary and theft. Pursuant to a plea agreement, the defendant pled guilty to theft of property with a value more than $100 but less than $1,000, a class four felony. The plea was accepted and subsequently the defendant was placed on probation with the condition that the defendant serve one year in jail. Also as a condition of probation, the defendant was ordered to make full restitution to the victims.

The defendant's subsequent problems in this case center upon this restitution provision. It is clear that at the presentence hearing, defendant's counsel and the court were under the impression that the defendant owned a motorcycle valued at $5,000 which could be sold to make restitution. Defendant's counsel urged probation for his client and alleged that the defendant would be willing to part with this prized possession to satisfy the victims of his criminal activity.

At the presentence hearing, the defendant was given an opportunity to speak but declined to do so. However, when the court personally addressed the defendant concerning the conditions of probation, the following occurred:

> THE COURT: ... As part of restitution that you sign the title to your motorcycle over to the victims, and any other property in your possession that might constitute restitution....
>
> Are you willing to accept these conditions of probation?
>
> THE DEFENDANT: Yes.

Unfortunately, the condition that the title to the motorcycle be signed over to the victims did not find its way into the written conditions of probation given to the defendant.[1] Equally as unfortunate for the vic-

---

1. The written conditions of probation dealing with restitution provided:

Make and pay restitution to the victim in the amount of $29,400. This payment to be paid

tims was the fact that approximately a month prior to the sentencing the defendant had sold the motorcycle to third parties and had dissipated the proceeds of the sale[2].

Approximately two weeks after sentencing, the fact that the motorcycle had been disposed of came to light. The state immediately filed a petition to revoke probation, alleging the defendant had violated a condition of probation by failing to sign over to the victims the motorcycle as partial restitution.

After a hearing, the trial court made the following alternative rulings on the petition to revoke: (1) that defendant had violated a term of probation by failing to comply with a condition of restitution, and (2) that defendant had perpetrated a fraud upon the court by misrepresenting that the motorcycle was available to give to the victims as partial restitution. The court ordered that probation be revoked and, alternatively, that the judgment and sentence be vacated for fraud on the court. The court subsequently sentenced defendant to four years imprisonment, the presumptive term for theft, a class four felony. This appeal followed.

Counsel for defendant filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), advising this court that after a careful review of the record, he was unable to present a viable argument on defendant's behalf. Counsel requested this court to search the record for fundamental error.

Defendant filed a supplemental brief on his own behalf raising the following arguable issues for review:

(1) Whether the trial court properly revoked his probation;

(2) Whether the trial court properly vacated the judgment and sentence on

the basis of fraud upon the court; and

(3) Whether defendant's testimonial privileges were violated during the probation violation hearing.

The State was ordered to file an answering brief, and has done so.

## PROBATION REVOCATION

Defendant's probation was revoked for failing to comply with a condition of restitution. At the sentencing hearing, the sentencing judge orally listed the terms of probation, including the requirement that the defendant transfer his motorcycle to the victims as partial payment towards full restitution. This condition of restitution was not, however, listed in the written terms of probation given to defendant on the day of sentencing.

It is well settled in Arizona that all conditions of probation must be in writing and that probation cannot be revoked for the violation of a condition of which defendant has not received a written copy. Rules 27.1, 27.7(c)(2), Arizona Rules of Criminal Procedure (R.Crim.P.); *State v. Espinoza*, 113 Ariz. 360, 555 P.2d 318 (1976). The trial court erred in revoking defendant's probation for the violation of an oral condition.

■ Apparently anticipating this problem, over a month after sentencing the court amended the written conditions of probation, nunc pro tunc, to expressly include the requirement that defendant make partial restitution with his motorcycle. Both the principles of due process and the rules of criminal procedure require that the probationer receive written notice of the behavior expected of him while on probation *before* his behavior can be said to constitute a violation of probation. Rules 27.1, 27.7(c)(2); R.Crim.P., *State v. Stotts*, 144 Ariz. 72, 695 P.2d 1110 (1985).

---

to the Adult Probation Department for delivery to the Clerk of the Court in regular payments of one-fourth of weekly income per month to commence July 10, 1984. The full

amount to be paid on or before February 9, 1991.

2. The record is clear that defense counsel was unaware of this prior disposition.

Here the state sought to revoke probation for violation of a condition which was not in writing. The court cannot avoid the consequences of Rule 27.1 (that the conditions of probation be in writing), by the expedient of a nunc pro tunc order after the alleged violation has occurred. That order was an exercise in judicial futility.

## FRAUD UPON THE COURT

We turn then to whether a "fraud" was committed upon the court which would render the sentence based upon that fraud void. In resolving this issue, we specifically find that the record supports the trial court's factual finding that the defendant misrepresented the availability of the motorcycle for restitution. The question then becomes, does this misrepresentation constitute sufficient grounds to vacate the sentence of probation?

We start first with the legal proposition that a sentence in a criminal case, absent grounds for the defendant to set it aside (*See* Rule 24.2, R.Crim.P.), or its illegality, (*See* Rule 24.3, R.Crim.P.) is final and the trial court is without authority to set it aside or modify it. *State v. Falkner*, 112 Ariz. 372, 542 P.2d 404 (1975). This is not a question of constitutional double jeopardy, but rather simply a matter of state statutory and procedural law. *State v. Falkner, supra; State v. Thomas*, 142 Ariz. 201, 688 P.2d 1093 (App.1984).

A recognized exception to this finality rule, at least in civil cases, is the doctrine of "fraud upon the court." As a threshold matter we see no reason not to apply this civil doctrine to criminal cases as it is a "species of fraud which constitutes an attempt to defile the court itself." *State ex rel Corbin v. Arizona Corporation Commission*, 143 Ariz. 219, 226, 693 P.2d 362, 369 (App.1984), and as such tends to corrupt judicial power and debauch the power of adjudication. *See* 7 J. Moore, *Moore's Federal Practice* § 60.33 at 60–360 (2d Ed.1983).

The "fraud upon the court" which would invalidate a civil judgment "should embrace only that species of fraud which does or attempts to, subvert the integrity of the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudicating cases that are presented for adjudication...." 7 J. Moore, *Moore's Federal Practice* § 60.37 at 60–360 (2nd. Ed.1983). We are not convinced that so narrow a concept of "fraud upon the court" is transferable to the criminal area, at least where the judgment affects probation, which by its nature, is subject to change upon the happening of subsequent events and thus lacks the complete finality accorded civil judgments. Criminal probation is an act of clemency which may be withdrawn if the privilege is abused. *People v. Griffith*, 153 Cal.App.3d 796, 200 Cal.Rptr. 647 (1984). *See also, State v. Watkins*, 125 Ariz. 570, 611 P.2d 923 (1980). Moreover, legislatively authorized probation is granted or withheld almost purely as a matter of judicial discretion, based upon a complete knowledge of the background and traits of the defendant. *See State v. Smith*, 112 Ariz. 416, 542 P.2d 1115 (1975); *State v. Jerousek*, 121 Ariz. 420, 590 P.2d 1366 (1979).

A defendant is under no affirmative obligation to supply information to the court which will be to his disadvantage. *People v. Griffith, supra.* However, there is a difference between withholding information and fraudulently representing a position which leads to a grant of a privilege. Under such circumstances the majority of cases which have considered the issue have held that where a defendant through fraud or collusion actively engineered an inadequate sentence, the sentence pronounced is void and double jeopardy does not constitute a bar to a subsequent sentencing. *People v. Griffith, supra; State v. Nardone*, 114 R.I. 363, 334 A.2d 208 (1975); *Commonwealth v. Bossche*, 324 Pa.Super. 1, 471 A.2d 93 (1984); *United States ex rel. Sole v. Rundle*, 435 F.2d 721 (3rd.Cir.1971); *People v. Woods*, 84 Cal. 441, 23 P. 1119 (1890), *contra, Katz v. State*, 335 So.2d 608

(Fla.App.1976). We therefore hold that where the defendant makes a fraudulent misrepresentation to a court, which the court accepts and relies upon in granting a suspended sentence and probation, the court may later declare the sentence void.

## ALLEGED TESTIMONIAL ERRORS

The defendant next contends that two testimonial irregularities occurred during the resentencing process which require reversal. First, he contends that his right against self-incrimination was violated because the trial judge required him to testify against himself at the probation violation hearing.

The Fifth Amendment to the United States Constitution provides that no person "shall be compelled in any criminal case to be a witness against himself." This privilege is also guaranteed by Article 2, § 10 of the Arizona Constitution. *See also* A.R.S. § 13–117.

The right against self-incrimination extends to all proceedings, civil or criminal, when the answer to a question put to a witness may tend to incriminate him in future criminal proceedings. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Lefkowitz v. Turley*, 414 U.S. 70, 94 S.Ct. 316, 38 L.Ed.2d 274 (1973); *Flagler v. Derickson*, 134 Ariz. 229, 655 P.2d 349 (1982); *Appeal in Maricopa County Juvenile Action, Etc.*, 119 Ariz. 178, 580 P.2d 10 (App.1978).

The basis of the attempt to revoke defendant's probation was that the defendant had made misrepresentations to the court regarding restitution. Clearly the answers to questions relating to his misrepresentations might tend to implicate him in any possible future criminal proceedings for perjury or false swearing. By requiring the defendant to testify to matters that might incriminate him, the trial court violated defendant's Fifth Amendment rights.

Since the state clearly proved by documentation that defendant had sold the motorcycle prior to sentencing, defendant's testimony was not the sole basis for any information material to the attempted revocation. The error, therefore is harmless in this case.

Defendant also assigns as error the court's questions regarding conferences between the defendant and his attorney. The court asked defendant whether he had told his attorney that he had sold the motorcycle prior to sentencing.

The attorney-client privilege, A.R.S. § 13–4062(2), protects confidential communications between a client and his or her attorney. The purpose of the privilege is to encourage a client to confide all the information necessary to the attorney so that the attorney may provide effective legal representation. *State v. Alexander*, 108 Ariz. 556, 503 P.2d 777 (1972). Neither the client nor the attorney can be compelled to disclose these confidential communications without the client's consent. *State v. Holsinger*, 124 Ariz. 18, 601 P.2d 1054 (1979). The court's inquiry into the contents of the conferences between defendant and his attorney was error. Again, however, the disclosures made by the attorney were not critical to the issue of whether the defendant misrepresented the status of his ownership of the motorcycle and therefore are not reversible.

## CONCLUSION

The judgment vacating the imposition of probation and resentencing the defendant to prison is affirmed.

KLEINSCHMIDT, P.J., and GREER, J., concur.