808 P.2d 347

**The STATE of Arizona, Appellee,**

v.

**Ray Hamilton STAPLEY, Appellant.**

No. 2 CA–CR 90–0274.

Court of Appeals of Arizona,
Division 2, Department A.

March 19, 1991.

Grant Woods, Atty. Gen. by Paul J. McMurdie and Barbara M. McLaughlin, Phoenix, for appellee.

Susan A. Kettlewell, Pima County Public Defender by Rebecca A. McLean, Tucson, for appellant.

## OPINION

LIVERMORE, Presiding Judge.

On June 30, 1988, appellant was convicted of aggravated assault, a class 3 felony, and was placed on probation for five years. As a condition of his probation, he was ordered to pay $50,000 in restitution, one-half of which was to be paid at the time of sentencing and the remainder at the rate of $418 per month.

On November 3, 1989, the state filed a petition to revoke probation, alleging that appellant had failed to pay restitution as directed by the court. Testimony at the violation hearing established that appellant had made the monthly payments until May of 1989, but that no payments were made between then and November of 1989, and that he was currently approximately $2,195 in arrears.

Appellant testified that his wife, who contributes half of their income, had been laid off for six weeks in May of 1989. Thereafter she had only been able to work 32 hours per week. Appellant, who is a superintendent for a construction company, had had his hours reduced to 20 per week after June of 1989 and had been laid off entirely for two weeks in September. In November, he resumed full-time employment. He further testified that, as a result of their reduced income, they were two months behind in their mortgage payments. The house had been purchased after appellant was placed on probation. Appellant also responded to the court's questions as follows:

> THE COURT: And my understanding is that during those lean months that you didn't pay any amounts towards restitution?
>
> THE WITNESS: That's correct.
>
> THE COURT: So you are going on the presumption it's either the $418 or nothing?
>
> THE WITNESS: That is correct.

At the conclusion of the hearing, the trial court found that appellant had violated the terms of his probation as alleged. The court further found

> that it was willful in that there was at least some amount of money the court is satisfied that could have been paid toward the 418 a month and the defendant failed to make at least a $20 payment, some good faith payment, and in that way the court does deem it to be willful.

The trial court continued appellant on probation and raised the amount of the monthly restitution payment to $440 per month.

On appeal, appellant contends that the trial court erred in finding that he had violated the terms of his probation. He argues that the trial court's finding is not that he wilfully failed to pay $418 per month, but rather that he wilfully failed to pay any amount toward restitution during some months. This, he contends, is a finding of violation of an unwritten condition of his probation and thus impermissible under Ariz.R.Crim.P. 27, 17 A.R.S., and *State v. Carvajal*, 147 Ariz. 307, 709 P.2d 1366 (App.1985). We disagree.

In *Bearden v. Georgia*, 461 U.S. 660, 673, 103 S.Ct. 2064, 2073, 76 L.Ed.2d 221, 233 (1983), the Supreme Court held that, where a defendant's probation has been revoked solely on the basis of a failure to pay a fine or restitution,

> a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay *or failed to make sufficient bona fide efforts legally to acquire the resources to pay,* the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority.

(Emphasis supplied.) While the court may not revoke probation based on the violation of an unwritten condition, *Carvajal, supra,* we believe that appellant's construction of his probationary terms is hypertechnical. The fundamental requirement is that he pay restitution. Although the probationary terms specify payment in the amount of $418 per month, encompassed within that, we believe, is a requirement that he make "sufficient bona fide efforts legally to acquire the resources to pay" that amount. While the trial court could not imprison appellant where he has demonstrated such goodfaith efforts, it does not follow that the court could find no violation where, although unable to pay the full amount, appellant made no effort to pay any amount of restitution for several months. The record in this case shows that appellant could indeed have made some payment toward the amount owed but did not do so. His assertion that he believed that it was "all or nothing" defies credence. We find no error.

Affirmed.

HATHAWAY and LACAGNINA, JJ., concur.