966 P.2d 1012

**STATE of Arizona, Appellee,**

v.

**Jackson James DOSS, Appellant.**

**No. 1 CA–CR 97–0416.**

Court of Appeals of Arizona,
Division 1, Department D.

April 14, 1998.

Review Denied Nov. 17, 1998.

———

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Division, and Robert S. Golden, Assistant Attorney General, Phoenix, for Appellee.

Dean W. Trebesch, Maricopa County Public Defender by Edward F. McGee, Deputy Public Defender, Phoenix, for Appellant.

## OPINION

VOSS, Judge.

¶ 1 Jackson James Doss ("defendant") appeals his convictions and sentences for one count of aggravated assault; seven counts of endangerment; and one count of cruelty to animals. We reverse the endangerment convictions because of an erroneous jury instruction. We affirm the remaining convictions and sentences.

## FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 Early in the morning of April 17, 1996, police observed defendant walking along a street in North Phoenix carrying a rifle or shotgun case. When officers called to defendant, he ran away. An officer in his police car followed defendant and saw him run between houses. As the officer exited the car, defendant opened fire. At least five rounds struck the vehicle.

¶ 3 Defendant fled to the backyard of a home occupied by a couple, their three minor daughters, and the husband's parents. While defendant was at that location, police decided to deploy a dog, Hunter, who was trained to grab and hold a suspect until he could be arrested. When Hunter entered the backyard, he was shot five times by defendant and later died. Defendant also fired two shots into the house, which was still occupied by all seven members of the family. The family was quickly evacuated. Subsequently, defendant entered the house and hid. He was arrested later in the morning.

¶ 4 Defendant was indicted on one count of aggravated assault, a class 2 felony, for shooting at the police officer; seven counts of endangerment, class 6 felonies, for firing into the family's home; one count of second-degree burglary, a class 3 felony, for entering the yard; and one count of interfering with a working animal, a class 6 felony, based upon the death of Hunter. The jury found defendant guilty of the aggravated assault and endangerment counts and found them to be dangerous offenses. With regard to the charge of interfering with a working animal, the jury found defendant guilty of the lesser-included offense of cruelty to animals. The jury was unable to reach a verdict on the second-degree burglary charge. Subsequently, defendant admitted two historical prior felony convictions.

¶ 5 The trial court sentenced defendant to an enhanced, presumptive term of 15.75 years imprisonment on count 1, aggravated assault on a police officer. The court imposed enhanced, aggravated terms of 4.5 years on two of the endangerment counts, to be served consecutively to each other and to the sentence for aggravated assault. The court also imposed a consecutive six-month sentence on the charge of cruelty to animals, a class 1 misdemeanor. The court imposed enhanced, presumptive sentences of 3.75 years for each of the other five endangerment convictions.

¶ 6 Defendant filed a timely notice of appeal. He raises the following issues:

1. Whether the trial court's instruction on endangerment was erroneous;

2. Whether substantial evidence supported his convictions for endangerment;

3. Whether fundamental error occurred when the trial court failed to instruct the jury on misdemeanor endangerment as a lesser-included offense of each endangerment charge;

4. Whether the court erred in denying his request to instruct the jury on the defense of justification to the charge of interfering with a working animal; and

5. Whether his sentences for endangerment on counts 5–9 are to be served concurrently with other sentences.

## DISCUSSION

### I. JURY INSTRUCTION ON ENDANGERMENT

▮▮▮ ¶ 7 Ariz. Rev. Stat. Ann. ("A.R.S.") § 13–1201 defines the offense of endangerment:

A. A person commits endangerment by recklessly endangering another person with a substantial risk of imminent death or physical injury.

B. Endangerment involving a substantial risk of imminent death is a class 6 felony. In all other cases, it is a class 1 misdemeanor.

One of the elements of endangerment is that the victim must be placed in *actual* substantial risk of imminent death or physical injury. *State v. Morgan,* 128 Ariz. 362, 367, 625 P.2d 951, 956 (App.1981).

¶ 8 With regard to the seven endangerment counts, the trial court instructed the jury:

Each of the charges of endangerment requires proof beyond a reasonable doubt that the defendant consciously disregarded a substantial risk that his conduct could cause imminent death of the person named in each charge.

The risk must be of such a nature and degree that disregard of such risk constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation.[1]

Defendant objected, arguing that the instruction failed to state the element that the victim must be placed in actual substantial risk of imminent death.

¶ 9 On appeal, defendant argues that the erroneous instruction requires reversal of all of his endangerment convictions. We agree.

▮▮▮ The instruction given amounted to a comprehensive statement of the culpable mental state—"recklessness"—required by the endangerment statute. In pertinent part, A.R.S. § 13–105(9)(c) states:

"Recklessly" means, with respect to a result or to a circumstance described by a

statute defining an offense, that a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard of such risk constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation. . . .

The court's instruction recited virtually the entire definition of "recklessly," but it failed to describe the act and result that were required to support defendant's criminal liability. A proper endangerment instruction would inform the jury that the charge required proof that defendant (1) disregarded a substantial risk that his conduct would cause imminent death of a victim (the culpable mental state) *and* (2) that his conduct *did* in fact create such a substantial risk as to each victim (the required act).

▮▮▮ ¶ 10 Contrary to the state's position, the unelaborated reference to "conduct" in the court's instruction did not make the second element clear. Indeed, the phrase "conduct [that] could cause imminent death" may have suggested to the jury that defendant could be convicted whether or not the victims were actually placed at risk. The erroneous instruction was not harmless; it undermined defendant's argument that he was not guilty because he had not placed the victims in actual substantial risk of imminent death. As a result, defendant's convictions on counts 4 through 10 must be reversed and remanded.

### II. REMAINING ISSUES: ENDANGERMENT CHARGES

#### A. Denial of Defendant's Rule 20 Motion

▮▮▮ ¶ 11 Defendant also argues that the trial court erred in denying his Rule 20 motion for judgment of acquittal on the endangerment charges because there was insufficient evidence that the seven members of the family were placed in "actual substantial risk." *Morgan, supra.*

1. This instruction was derived from Revised Arizona Jury Instruction (RAJI) 12.01 (1998) (for-

merly Recommended Arizona Jury Instruction 12.01).

¶ 12 A judgment of acquittal is warranted where there is no "substantial evidence to warrant a conviction." Rule 20, Arizona Rules of Criminal Procedure. "Substantial evidence is more than a mere scintilla and is such proof that 'reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt.'" *State v. Mathers,* 165 Ariz. 64, 67, 796 P.2d 866, 869 (1990), *quoting State v. Jones,* 125 Ariz. 417, 419, 610 P.2d 51, 53 (1980).

¶ 13 In responding to defendant's Rule 20 motion, the state admitted that it was "ambiguous" as to where the members of the family were located in the house at the time of the shooting, but argued that, because of the possibility of ricochets, all of them were placed in actual danger by defendant's conduct. We, too, find the record ambiguous on this issue, and we therefore find no reason to order an acquittal rather than a retrial on the endangerment counts.

### B. Failure to Instruct Jury on Lesser-Included Offense

¶ 14 Defendant argues that the trial court erred in failing to instruct the jury on endangerment creating a risk of imminent physical injury, as a lesser included offense of endangerment as charged. *See* A.R.S. § 13-1201. Defendant did not request such an instruction, and thus argues on appeal that the trial court's failure to give the instruction constituted fundamental error. Because we are remanding for retrial, we need not reach this issue. Any issue regarding this lesser-included offense instruction should be addressed by the trial court on retrial after remand. *See generally State v. Krone,* 182 Ariz. 319, 323, 897 P.2d 621, 625 (1995) (defendant may not want lesser-included instruction, and should not have one forced on him); *but see State v. Cruz,* 189 Ariz. 29, 32, 938 P.2d 78, 81 (App.1996) (state entitled to lesser-included offense instruction after defendant's objection).

### III. DENIAL OF JUSTIFICATION INSTRUCTION

¶ 15 Defendant argues that the trial court erred in denying his request that the jury be instructed on justification as a defense to the charge of interfering with a working animal. Defendant contends on appeal that evidence supported his claim that he was entitled to use force against the application of excessive force by police when Hunter was set loose to apprehend him. We find no merit to this argument.

¶ 16 When a person is faced with arrest, his right to use physical force in self-defense is limited. In pertinent part, A.R.S. § 13-404(B) provides:

The threat or use of physical force against another is not justified:

* * * *

2. To resist an arrest that the person knows or should know is being made by a peace officer ... whether the arrest is lawful or unlawful, *unless the physical force used by the peace officer exceeds that allowed by law. . . .*

(Emphasis added.) The use of physical force by a peace officer in making an arrest is governed by A.R.S. § 13-409, which provides:

A person is justified in threatening or using physical force against another if in making or assisting in making an arrest or detention or in preventing or assisting in preventing the escape after arrest or detention of that other person, such person uses or threatens to use physical force and all of the following exist:

1. A reasonable person would believe that such force is immediately necessary to effect the arrest or detention or prevent the escape.

2. Such person makes known the purpose of the arrest or detention or believes that it is otherwise known or cannot reasonably be made known to the person to be arrested or detained.

3. A reasonable person would believe the arrest or detention to be lawful.

The use of a police dog to apprehend a suspect involves the use of physical force. *Weekly v. City of Mesa,* 181 Ariz. 159, 165, 888 P.2d 1346, 1352 (App.1994).

¶ 17 In this case, we find that the use of physical force by the police—i.e., the deploy-

ment of Hunter—was lawful under A.R.S. § 13–409. Defendant had already fired at a police officer. Thus, the arrest of defendant would have been lawful. Defendant was armed, and was hiding in the backyard, giving the police reason to believe that deploying Hunter was reasonably necessary to apprehend defendant without endangering the lives of police officers or civilians. The police also reasonably believed that alerting defendant to Hunter's approach would have endangered the occupants of the home. Consequently, because defendant was confronted with the use of lawful physical force by police, he had no right to use physical force in self-defense.

¶ 18 Accordingly, the trial court did not err in denying defendant's requested justification instruction. *Cf. State v. Dumaine*, 162 Ariz. 392, 404–05, 783 P.2d 1184, 1196–97 (1989) (not error to refuse instruction when there is insufficient evidence to support it.)

## IV. SENTENCING ISSUES

 ¶ 19 Defendant points out an apparent discrepancy between the oral pronouncement of sentence and the sentencing minute entry with regard to whether the sentences imposed on counts 5 through 9 were to run consecutively to the sentence imposed on count 10.[2] Because we reverse defendant's convictions on counts 5 through 9, however, we need not reach this issue.

 ¶ 20 Defendant also points out that the sentencing minute entry credits him with 183 days of presentence incarceration on count III, the misdemeanor cruelty to animals charge, although the court did not do so in its oral pronouncement of sentence. Absent a cross-appeal by the state, we have no subject matter jurisdiction to consider the issue further because any error in this regard inures in defendant's favor. *State v. Dawson*, 164 Ariz. 278, 792 P.2d 741 (1990).

### CONCLUSION

¶ 21 Based on the foregoing, we reverse defendant's convictions on counts 4, 5, 6, 7, 8, 9, and 10 and remand to the trial court for further proceedings consistent with this decision. Defendant's remaining convictions and sentences are affirmed.

WEISBERG, P.J., and NOYES, J., concur.

---

**2.** Our review of the record indicates that the court intended those sentences to run concurrently with count 1, not consecutively to count 10. *See generally State v. Bowles*, 173 Ariz. 214, 216, 841 P.2d 209, 211 (App.1992) (appellate court can look to statements by the court in determining court's intent). However, on resentencing the court is free to impose any sentence that is legally allowable. *State v. Thomas*, 142 Ariz. 201, 688 P.2d 1093 (App.1984).