NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

# IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

EDWARD JAMES YOUNG, *Appellant.*

No. 1 CA-CR 16-0416
FILED 6-1-2017

---

Appeal from the Superior Court in Mohave County
No. S8015CR201500836
The Honorable Steven F. Conn, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Mohave County Legal Defender's Office, Kingman
By Eric Devany
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Maurice Portley[1] joined.

---

**N O R R I S**, Judge:

¶1 Appellant Edward James Young appeals his convictions and sentences for possession of dangerous drugs for sale (methamphetamine), a class 2 felony under Arizona Revised Statutes ("A.R.S.") section 13-3407(A)(2) (Supp. 2016), possession of drug paraphernalia, a class 6 felony under A.R.S. § 13-3415(A) (2010), and endangerment, a class 6 felony under A.R.S. § 13-1201(A) (2010).[2] On appeal, he raises various challenges to the sufficiency of the evidence supporting his possession and endangerment convictions. We reject these arguments, and affirm his convictions and sentences.

**DISCUSSION**

I.      Sufficiency of the Evidence—Possession Convictions

¶2 Young first argues the State presented insufficient evidence to support his convictions on the possession counts because, first, the police did not find any methamphetamine on him or in his car, nor were his fingerprints found on the plastic bags containing the methamphetamine, and, second, aside from evidence regarding the weight of the methamphetamine, the State failed to present any other evidence demonstrating he had possessed methamphetamine for sale, such as "a scale, a ledger, or cash." Applying de novo review, we reject both arguments. *State v. West*, 226 Ariz. 559, 562, ¶ 15, 250 P.3d 1188, 1191 (2011)

---

[1]The Honorable Maurice Portley, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

[2]The jury also convicted Young of unlawful flight from pursuing law enforcement vehicle, a class 5 felony. He does not, however, challenge that conviction on appeal.

(appellate court reviews trial court's denial of a Rule 20 motion de novo and in light most favorable to sustaining the verdict) (citation omitted).

¶3        A motion for a judgment of acquittal under Arizona Rule of Criminal Procedure 20 is appropriate only if no substantial evidence warrants a conviction. Ariz. R. Crim. P. 20; *see West*, 226 Ariz. at 562, ¶ 16, 250 P.3d at 1191 (substantial evidence is proof that reasonable persons could accept as sufficient to support conclusion of a defendant's guilt beyond a reasonable doubt). In reviewing a Rule 20 motion, the question is whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *West*, 226 Ariz. at 562, ¶ 16, 250 P.3d at 1191. Substantial evidence can be both direct and circumstantial. *Id.*

¶4        Here, the State presented substantial evidence Young possessed methamphetamine and drug paraphernalia. As discussed in more detail below, after Young failed to stop for a traffic stop, Detectives J.V. and D.S. pursued Young by car until Young crashed his car. S*ee infra* ¶¶ 10-11. Young then got out of his car and ran away from the Detectives. Detective J.V. chased Young on foot, and Detective D.S. followed Young by car and then also chased Young by foot. Both detectives testified that while Young was running away they saw him "throw" an object, which Detective J.V. testified "was like throwing a baseball from the outfield to home plate." After the detectives arrested Young and drove him to the police station they returned and searched the area where Young had thrown the object. They then discovered plastic bags of methamphetamine on the roof of a house, weighing a total of 38 grams. Detective J.V. also testified that, in his experience, people do not "stash" drugs on a rooftop and he had previously chased other people who have "thrown their drugs, discarded their drugs on the roof of a residence."

¶5        Although Young's fingerprints were not found on any of the plastic bags containing the methamphetamine, the forensic scientist who examined the bags for fingerprints explained that obtaining fingerprints from plastic bags was difficult. The forensic scientist testified that the size of the bags, the thickness of the plastic, and the nature of the substance in the bag could "inhibit" the chance of finding a fingerprint. She then explained that in this case, the condition of the bags along with the nature of the substance contained in the bags made it "much less likely" to find any fingerprints.

¶6        Given the foregoing evidence, a reasonable jury could have found Young had possessed the methamphetamine and paraphernalia even though the detectives found the bag of methamphetamine on a

rooftop, and despite the absence of fingerprints. *See* A.R.S. § 13-105(34) (Supp. 2016) ("'Possess' means knowingly to have physical possession or otherwise to exercise dominion or control over property.").

¶7 Substantial evidence also supports the jury's finding that Young possessed the methamphetamine for sale. Sergeant B.H., a supervisor in the narcotics unit who worked on drug sales investigations for over six years, testified about drug sales. He explained that finding scales, a "pay/owe ledger," and cash in a drug sales investigation did not make it "more likely" he was dealing with a drug sales case in contrast to sales cases in which he had found only methamphetamine. Detective B.H. also testified that "extra baggies" are an indicator of possession for sale and, further, it was common for persons to both use and sell methamphetamine. His testimony thus undercut Young's claim the methamphetamine was for personal use only. Additionally, Detective J.V. testified the largest bag of methamphetamine they found on the roof weighed 28 grams, a saleable amount, and the bags collectively amounted to "three eightballs" also a "commonly sold amount."

¶8 As Young points out, some of the circumstances that support a conviction for possession of drugs for sale (such as a scale, a ledger, or cash) were not present here, nonetheless, as discussed, *see supra* ¶¶ 6-7, substantial evidence supports the jury's finding he possessed the methamphetamine for sale. *See State v. Martinez*, 226 Ariz. 221, 223-24, ¶¶ 11-15, 245 P.3d 906, 908-09 (App. 2011) (sufficient evidence supported conviction for sale of methamphetamine even though evidence was also consistent with possession for personal use; substantial evidence "is not insubstantial simply because reasonable persons might have drawn a different conclusion from the evidence"); *State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989) (on a review of the sufficiency of evidence appellate court will not reweigh the evidence).

II.    Sufficiency of the Evidence—Endangerment Conviction

¶9 Finally, Young argues the State presented insufficient evidence that he endangered another person pursuant to A.R.S. § 13-1201(A) (2010). Specifically, he argues "even though the [S]tate presented evidence of [his] driving behavior and the circumstances of the alleged chase, its evidence was insufficient as to show that 'another person' . . . identified or not—was actually present and was subject to a substantial risk of imminent death or physical injury." We disagree.

¶10    Under A.R.S. § 13-1201(A), "[a] person commits endangerment by recklessly endangering another person with a substantial risk of imminent death or physical injury." This requires that another person be placed in an "actual" substantial risk of death or physical injury. *State v. Doss*, 192 Ariz. 408, 411, ¶ 7, 966 P.2d 1012, 1015 (App. 1998). Here, the State presented substantial evidence Young had recklessly endangered "another person." Detectives D.S. and J.V. testified that after they attempted to execute a traffic stop, Young sped away and drove through a stop sign. Detective D.S. further testified Young started "veering around other motorists" in a business district and passed a motorist on the right side even though there was no lane to the right of the motorist.

¶11    Then, as Young was fleeing southbound he passed a van, also driving south, by driving "head-on" towards another car into the northbound lane—and Detective J.V. testified the other car "had to stop to avoid being struck by [Young's] vehicle." The detectives briefly lost sight of Young after he drove through a four-way stop sign traveling at about 65 miles per hour but regained sight of him when he "collided into [a] makeshift rock wall" at a home occupied by a woman and her son.

¶12    Young argues the foregoing evidence was insufficient because Detective D.S. acknowledged that during "the [car] chase" Young passed the car on the right "without going off the road," no one was at the four-way stop that he drove through at 65 miles per hour, and neither Detective J.V. nor Detective D.S. testified as to how far away the car was when Young "traveled toward [it] head-on," or how forcefully Young crashed into the rock wall. Young's arguments, however, are an attempt to have this court reweigh the evidence, which is not appropriate for us to do. *Guerra*, 161 Ariz. at 293, 778 P.2d at 1189 (appellate court does not reweigh the evidence).

¶13    Additionally, despite the evidence Young cites, a jury could have found beyond a reasonable doubt that Young's high-speed veering in a business district around other cars, speeding in the wrong lane, and his eventual crash into the wall at about 65 miles per hour, placed the motorists and those present in the home in an actual substantial risk of imminent death or physical injury. *See State v. Villegas-Rojas*, 231 Ariz. 445, 446-48, ¶¶ 4, 7-10, 296 P.3d 981, 982-84 (App. 2012) (sufficient factual basis of endangerment under A.R.S. § 13-1201(A) when defendant entered plea admitting that, while intoxicated, he drove 111 miles per hour with a passenger, cut off semi-truck driver, and officer had observed defendant both driving at a high rate of speed and making aggressive unsafe lane changes).

## CONCLUSION

¶14      For the foregoing reasons, we affirm Young's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:  AA