NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

TIFFANY LEE MERRILL, *Appellant.*

No. 1 CA-CR 23-0147
FILED 3-5-2024

Appeal from the Superior Court in Yavapai County
No.  P1300CR202101519
The Honorable Krista M. Carman, Judge

**AFFIRMED AS CORRECTED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Michael J. Dew Attorney at Law, Phoenix
By Michael J. Dew
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Maria Elena Cruz joined.

---

**B A I L E Y**, Judge:

**¶1**         Tiffany Lee Merrill appeals her convictions and sentences for driving or actual physical control while under the influence and felony endangerment.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**         We view the facts in the light most favorable to sustaining the defendant's convictions.  *State v. Thompson*, 252 Ariz. 279, 287 n.3 (2022).

**¶3**         One night in October 2021, D.D. and R.D.[1] drove on Interstate 17 ("the freeway").  After exiting the freeway to switch drivers, D.D. and R.D. noticed Merrill driving the wrong way on the offramp.  D.D. honked her horn and flashed her headlights to get Merrill's attention.  Merrill turned her car around and followed D.D. and R.D. back onto the freeway.[2]

**¶4**         For about ten to fifteen minutes, Merrill drove closely behind, in front of, or parallel to D.D. and R.D. and repeatedly veered into their lane.  R.D. called 911 and described Merrill's car and license plate.  Then, Merrill "stopped diagonally" in front of D.D. and R.D. and got out of her car.  D.D. drove around Merrill, and Merrill hit D.D. and R.D.'s car with her hand.  Merrill got back into her car and went "right back on [D.D. and R.D.'s] tail doing the same thing."  After Merrill pulled ahead, D.D. and R.D. exited the freeway and waited for a state trooper.

**¶5**         Later, a state trooper saw a car matching R.D.'s description of Merrill's car with a similar license plate.  The trooper observed the car swerving and initiated a traffic stop.  The trooper identified Merrill as the

---

[1] We use initials to protect the victims' privacy.  *State v. Maldonado*, 206 Ariz. 339, 341, ¶ 2 n.1 (App. 2003).

[2] Merrill testified that she had an argument with her then-boyfriend earlier that evening, he fled on foot after hitting her and damaging her car, and she followed D.D. and R.D. because she believed they picked him up.

driver, noticed that her eyes were bloodshot and watery, and her breath smelled like alcohol. Merrill admitted she had an alcoholic drink earlier that evening. Merrill also consented to a field sobriety test, which indicated she was impaired.

**¶6** The trooper took Merrill into custody and secured a warrant for a blood test. The test results showed that Merrill's blood alcohol content was .065 when the sample was drawn. The test was taken outside the two-hour window following the suspected impaired driving, so a forensic scientist used retrograde analysis and determined that within the two-hour window, Merrill's blood alcohol content would have been between .073 and .09. *See* A.R.S. § 28-1381(A)(2).

**¶7** In November 2021, a grand jury indicted Merrill for aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs (counts 1–2)[3] and felony endangerment (counts 3–4), naming D.D. and R.D. as the endangerment victims. During the trial, the superior court granted Merrill's motion to dismiss count 1.

**¶8** In December 2022, the jury found Merrill guilty of count 2's lesser-included offense, driving or actual physical control while under the influence. The jury also found Merrill guilty of both felony endangerment counts and found that they were dangerous offenses. The superior court sentenced Merrill to 74 days for count 2's lesser-included offense,[4] and concurrent, mitigated prison terms of 1.5 years each for counts 3–4.

**¶9** We have jurisdiction over Merrill's timely appeal under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

---

[3] Both counts alleged that Merrill drove the wrong way on the highway, but count 1 alleged Merrill had a blood alcohol content of at least .08 within two hours of driving and count 2 alleged Merrill was impaired to the slightest degree. *See* A.R.S. §§ 28-1381(A)(1)–(2), -1383(A)(5).

[4] At sentencing and in the superior court's March 30, 2023, minute entry, the court purportedly sentenced Merrill for counts 1, 3, and 4. But count 1 was dismissed, and Merrill was convicted of count 2's lesser-included offense and counts 3–4. Accordingly, we correct the record and minute entry to reflect that Merrill was convicted and sentenced for count 2's lesser-included offense, not count 1. *See* A.R.S. § 13-4036; *State v. Ochoa*, 189 Ariz. 454, 462 (App. 1997).

## DISCUSSION

I.     Sufficient evidence supports Merrill's endangerment convictions.

**¶10**         Merrill argues there was insufficient evidence to sustain her endangerment convictions because the "victims were not placed in *actual* substantial risk of imminent death."   We review whether a conviction is based on sufficient evidence de novo.  *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011).  "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at ¶ 16 (citation omitted).  We reverse "only where there is a complete absence of probative facts to support the conviction."  *State v. Allen*, 253 Ariz. 306, 341, ¶ 109 (2022) (citation omitted).

**¶11**         A person commits felony endangerment "by recklessly endangering another person with a substantial risk of imminent death." A.R.S. § 13-1201.

**¶12**         Sufficient evidence supports Merrill's endangerment convictions.  While driving at night on the freeway, Merrill closely followed D.D. and R.D. while flashing her headlights, which D.D. testified was "blinding."  When D.D. slowed down, Merrill "pulled in front of [D.D. and R.D.] and stayed close to the front of [their] car as if to keep [them] from going faster."  D.D. testified that she tried to pass Merrill, but Merrill moved "toward the center of the highway," which forced D.D. to "move almost off the road."  R.D. similarly testified that Merrill repeatedly veered into their lane and that it was "almost like" Merrill "want[ed] to run [them] off the road but not to that extent."  In response to Merrill's driving, D.D. turned on her hazards and slowed to around 25 miles per hour.  But Merrill "just kept doing the same thing, on the left side, [and] the front."  After ten to fifteen minutes, Merrill "stopped diagonally" in front of D.D. and R.D., forcing traffic to go to the "outer edge of the road" to pass the two cars.

**¶13**         Based on this evidence, a rational trier of fact could have found that Merrill placed D.D. and R.D. at an actual substantial risk of imminent death through a potentially deadly collision involving Merrill's car or other traffic on the freeway.

**¶14**         Merrill further argues there was insufficient evidence because "[n]o collisions, near-collisions, near-misses or injuries occurred."   But endangerment does not require a collision or injury.  *See Campas v. Superior Court*, 159 Ariz. 343, 345 (App. 1989) (stating "A.R.S. § 13-1201 does not require that the person who is endangered actually be physically injured to

constitute endangerment"); *State v. Dominguez*, 236 Ariz. 226, 229, ¶ 5 (App. 2014) (noting felony endangerment "criminalizes conduct posing a substantial risk rather than creating an observable result"). And, although A.R.S. § 13-1201 does not reference a "near-miss" or "near-collision," the jury could have considered Merrill's veering into D.D. and R.D.'s lane and stopping diagonally on the freeway as evidence that Merrill placed D.D. and R.D. at actual substantial risk of imminent death.

**¶15** Thus, sufficient evidence supports Merrill's endangerment convictions.

## II. The endangerment instruction was not erroneous.

**¶16** Merrill argues we should reverse because the endangerment instruction was fundamentally erroneous. We review jury instructions de novo to determine whether they correctly state the law. *State v. Solis*, 236 Ariz. 285, 286, ¶ 6 (App. 2014).

**¶17** Merrill did not object to the instruction in the superior court, so she must show fundamental error. *State v. Escalante*, 245 Ariz. 135, 140, ¶ 12 (2018). To prevail under fundamental error review, a defendant must show: (1) the superior court erred, and (2) the error was fundamental — meaning the error went to the foundation of the case, took from the defendant a right essential to her defense, or was so egregious that she could not possibly have received a fair trial. *Id.* at 142, ¶ 21.

**¶18** The endangerment instruction stated: "The crime of endangerment requires proof of the following: 1. The defendant did recklessly endanger another person with a substantial risk of imminent death." The instructions also correctly defined recklessly. *See* A.R.S. § 13-105(10)(c).

**¶19** Merrill has not shown error, let alone fundamental error. Merrill argues we should reverse because the instruction here was like the erroneous instruction in *State v. Doss*, 192 Ariz. 408 (App. 1998). We disagree. In *Doss*, the jury instruction stated, "[e]ach of the charges of endangerment requires proof beyond a reasonable doubt that the defendant consciously disregarded a substantial risk that [the defendant's] conduct could cause imminent death of the person named in each charge." *Id.* at 411, ¶ 8. We reversed because the instruction "failed to describe the act and result that were required to support defendant's criminal liability." *Id.* at ¶ 9. We also noted:

A proper endangerment instruction would inform the jury that the charge required proof that defendant (1) disregarded a substantial risk that his conduct would cause imminent death of a victim (the culpable mental state) *and* (2) that his conduct *did* in fact create such a substantial risk as to each victim (the required act).

*Id.*

**¶20**  Here, the instruction informed the jury of the culpable mental state by stating Merrill must have acted recklessly and defined recklessly. And, unlike *Doss,* the instruction here described the required act and result, stating that to find Merrill guilty, the jury must find she "*did recklessly endanger* another person with a substantial risk of imminent death." (Emphasis added.)  The instruction correctly stated the law and tracked the felony endangerment statute.  *See* A.R.S. § 13-1201; *Allen*, 253 Ariz. at 341, ¶ 108 (finding no error when an instruction tracked the statutory language). We find no error.

**¶21**  Further, even if the superior court erred, Merrill invited the error and waived the right to challenge it on appeal.  *See State v. Logan*, 200 Ariz. 564, 565–66, ¶ 9 (2001).  A defendant invites an error when she requests a nearly identical instruction.  *See State v. Lucero*, 207 Ariz. 301, 306–07, ¶¶ 22–25 (App. 2004).  Merrill's requested instruction stated that to find Merrill guilty of endangerment, the jury must find she "recklessly did endanger [D.D. and R.D.] with a substantial risk of imminent death."  The final endangerment instruction switched "did" and "recklessly" but was otherwise identical to Merrill's requested instruction.

**¶22**  Thus, the instruction was not erroneous, but even if it were, Merrill invited the error.

## CONCLUSION

**¶23**  We affirm Merrill's convictions and sentences as corrected.

