NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JHAMIKA B., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, E.B., T.D., T.D., *Appellees.*

Nos. 1 CA-JV 16-0119, 1 CA-JV 16-0324 (Consolidated)
FILED 1-17-2017

Appeal from the Superior Court in Maricopa County
No. JD509686
The Honorable Janice K. Crawford, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Maricopa County Public Advocate's Office, Mesa
By David C. Lieb
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Amanda Adams
*Counsel for Appellee*

_____

## MEMORANDUM DECISION

Acting Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Margaret H. Downie and Judge Jennifer B. Campbell joined.[1]

_____

**T H U M M A**, Judge:

**¶1**         Jhamika B. (Mother) appeals from the superior court's orders terminating her parental rights to E.B., Ti.D. and Ty.D. (collectively Children). Mother argues the court abused its discretion by allowing the termination adjudication to proceed when a Department of Child Safety (DCS) representative was not present for one day of a five-day trial. Because Mother has shown no error, the orders are affirmed as modified to reflect that the sole ground for termination of parental rights to E.B. is 15-months time-in-care.

### FACTUAL AND PROCEDURAL HISTORY

**¶2**         E.B. was born in 2012; Ti.D. in 2004 and Ty.D. in 2002. [2] Ti.D. and Ty.D. were found dependent as to Mother in a prior dependency that was pending from November 2011 until March 2013, when it was dismissed after they were again placed in Mother's care.

**¶3**         In early June 2013, DCS took the Children into care after Mother left them alone in a hotel room. The resulting dependency petition alleged neglect and prior dependency; the Children were found dependent as to Mother in July 2013 with a family reunification case plan and DCS provided reunification services.

**¶4**         In February 2015, at DCS' request, the court changed the case plan to severance and adoption. DCS' motion to terminate alleged 15-

_____

[1] The Honorable Jennifer B. Campbell, Judge of the Arizona Superior Court, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

[2] Although the parental rights of the biological fathers were terminated, no father is a party to this appeal.

months time-in-care for all Children and prior dependency for Ti.D. and Ty.D. *See* Arizona Revised Statutes (A.R.S.) sections 8-533(B)(8)(c), (B)(11) (2016).[3] The court set a severance adjudication for five days in August and September 2015.

**¶5**　　　　On the third day of trial, where Mother was the only witness to testify, no DCS representative was present. DCS' counsel told the court she was "not sure where the case manager is" and speculated there had "been a miscommunication" about which DCS representative was supposed to attend. DCS' counsel added, however, that she was "very familiar with the case," had "been in contact with my client," avowed that she could proceed ethically and asked that trial go forward as scheduled. Mother objected, claiming "the party who is actually [seeking severance] needs to be present" and asked that the motion to terminate "be dismissed" or, alternatively, that the hearing be continued. In making that request, Mother cited Arizona Rule of Procedure for Juvenile Court 66(C), adding "under due process," DCS has to be present and if "they're not here having given good cause for their nonappearance, the case should be dismissed." The court denied Mother's requests and rejected her due process argument, noting "there is certainly nothing in the rule that says . . .[DCS] has to have a representative present while [M]other is presenting her direct testimony." After Mother testified, the proceeding adjourned for the day.

**¶6**　　　　The next trial day, Mother stipulated to severance based on 15-months time-in-care and prior dependency, leaving for another hearing the issue of best interests. After a colloquy with Mother, the court found her stipulation was made knowingly, voluntarily and intelligently. After hearing additional testimony and arguments, in two separate orders, the court terminated Mother's parental rights to the Children based on 15-months time-in-care and prior dependency, also finding that severance was in the best interests of the Children.[4]

---

[3] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

[4] Although the order terminating Mother's rights to E.B. could be read to rely on the prior dependency ground alleged for the other children, E.B. was not the subject of a prior dependency, making that ground inapplicable. A.R.S. § 8-533(B)(11). Accordingly, the order is modified to clarify that severance of Mother's rights to E.B. is based solely on 15-months time-in-care. A.R.S. § 8-533(B)(8)(c).

**¶7**        This court has jurisdiction over Mother's timely appeals pursuant to Article 6, Section, 9, of the Arizona Constitution, A.R.S. § 8-235(A), 12-2101(A) and 12-120.21(A) and Ariz. R.P. Juv. Ct. 103-104, and consolidated the appeals at Mother's request.[5]

## DISCUSSION

**¶8**        Mother argues the superior court abused its discretion by "allowing DCS's motion to terminate Mother's parental rights to proceed, despite DCS being absent for an entire day of trial." Mother bases her argument on two procedural rules and due process.

**¶9**        Mother first argues, as she did in superior court, that allowing trial to proceed violated her rights under Ariz. R.P. Juv. Ct. 66(C). Titled "Burden of Proof," Rule 66(C) requires DCS to prove the statutory grounds alleged for termination by clear and convincing evidence and prove that severance would be in the best interests of the child by a preponderance of the evidence. Ariz. R.P. Juv. Ct 66(C). Nowhere does Rule 66(C), or any case law cited construing the rule, prohibit the procedure followed here, as the superior court noted in denying Mother's requests. Mother has not shown the superior court acted contrary to Rule 66(C).

**¶10**      Mother next argues, for the first time on appeal, that allowing trial to proceed violated her rights under Ariz. R. Civ. P. 41(b). By failing to present that argument to the superior court, Mother has waived any such argument on appeal. *See, e.g.*, *Cont'l Lighting & Contracting, Inc. v. Premier Grading & Utilities, LLC*, 227 Ariz. 382, 386 ¶ 12 (App. 2011); *Schurgin v. Amfac Elec. Distribution Corp.*, 182 Ariz. 187, 190 (App. 1995). In addition, Mother has not shown this civil rule applies in this juvenile case. Finally, Mother has not shown that a DCS representative being absent for Mother's trial testimony was a "failure of . . . [DCS] to prosecute," Ariz. R. Civ. P. 41(b), or that the superior court would have abused its discretion in denying her motion, had she timely pressed Rule 41(b).

**¶11**      Mother's final argument is that allowing trial to proceed was contrary to due process. Mother is correct that the superior court's "jurisdiction must be exercised in accordance with due process standards."

---

[5] Because briefing was complete in JV 16-0119 before the appeals were consolidated, this court issued an order allowing the parties to file simultaneous supplemental briefs in JV 16-0324 by December 6, 2016. The State filed a supplemental brief, which the court has considered; Mother, however, did not file a supplemental brief.

*In re Richard M.*, 196 Ariz. 84, 86-87 ¶ 11 (App. 1999); *accord* Ariz. R.P. Juv. Ct. 66(D), 6. But Mother has failed to show that allowing trial to proceed without a DCS representative present while she testified violated her due process rights. In fact, the procedure here required counsel for DCS to cross-examine Mother without the benefit of contemporaneous client input, something that would appear to have the potential to benefit Mother (and in any event not disadvantage her). "'The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (citation omitted). On this record, Mother has not shown that allowing trial to proceed without a DCS representative present during her testimony violated her due process rights.

¶12     Mother has failed to show the superior court erred in allowing trial to proceed. Moreover, the record shows Mother properly stipulated to severance, the factual record supports the statutory grounds found for severance (as modified here) and the factual record shows that severance was in the best interests of the Children.

## CONCLUSION

¶13     The orders terminating Mother's parental rights to the Children are affirmed as modified to reflect that the sole ground for termination of her parental rights to E.B. is 15-months time-in-care pursuant to A.R.S. § 8-533(B)(8)(c).



AMY M. WOOD • Clerk of the Court
FILED:  AA